**COATE,  Plaintiff-Appellee  v,  HARTLEY,  Defendant-Appellant..**

Ohio Appeals, Second District, Miami County.

No. 420.  Decided February 8, 1943.

278

Kerr & Kerr, Troy, for plaintiff-appellee.
Baird Broomhall, Troy, for defendant-appellant.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment of the Common Pleas Court in favor of the plaintiff and against the defendant in the sum of $201.11 and costs. The action was predicated upon the breach of a written contract by the terms of which the defendant agreed to assume all damage incurred by the plaintiff by reason of a collision between an automobile driven by defendant's son and an automobile of the plaintiff. The claim was for property damage to plaintiff's automobile.

It developed that the driver of the automobile was a minor and

that the owner was the mother of the driver and the wife of the defendant. So that, but for the contract there would have been no primary liability of the defendant by reason of the collision of the automobiles.

Errors assigned are:

1. In admitting evidence offered by the plaintiff and objected to by the defendant.

2. In refusing to direct a verdict for the defendant at the close of plaintiff's testimony and at the close of all the testimony.

3. Overruling the motion for a new trial.

Under the first assignment it is claimed that the court permitted evidence of threats against the defendant prior to the signing of the contract and of statements which attempted to show that the so-called consideration for the contract was illegal and further permitted evidence describing the details of the accident to go into the record which was highly prejudicial.

The defense set up in the answer was failure of consideration and the signing of the contract under duress. Obviously, both of these questions were expressly put in issue and it could not be prejudicial to introduce testimony relating thereto. The details of the accident were of the res gestae and so interwoven and connected with the essential probative · facts as that it was not prejudicially erroneous to admit all of the details.

It is asserted in the brief that it was highly prejudicial to the defendant to admit testimony as to the probable intoxication of defendant's son at the time of the collision. We have examined the record and are satisfied that but for the cross-examination there was no statement upon which the jury could find that defendant's son was intoxicated and indeed it becomes a disputed question even upon the cross-examination. However, this testimony was admissible even if it had disclosed defendant's son was intoxicated because that fact may have been an inducing cause for the father signing the contract, not because of criminal liability of the son but because the driving of the car while intoxicated would have been an act of negligence per se which could properly have been set up in any cause of action which would have been instituted by the plaintiff against the son or against his mother, the owner of the car. The knowledge of this fact by the defendant was competent and relevant upon the issue whether or not this situation rather than any threats or intimidation was the reason for the signing up of the contract.

The second ground is that the court erred in failure to direct a verdict for the defendant on his motion. Counsel for defendant-appellant admits that the charge of the trial judge on the subject of consideration was correct. Upon this subject the court said that,

"A promise to forbear filing suit against another person. a third person, is a valid and valuable consideration upon which such a.

promise may be based. The court further says to you that the promise to forbear filing a criminal prosecution or promise to do any act to stifle a criminal prosecution is not a valid consideration but is illegal and against the policy of the law and will not support a contract."

So that, unless the evidence will permit of no conclusion other than that there was no consideration for the contract in that it was induced by the fear of the institution of criminal prosecution of defendant's son and to prevent such action the trial judge could not properly have sustained the motion to direct a verdict. There is evidence in the record from which it may be inferred that the inducing cause of the making of the contract on the part of the defendant was the fear that his son might be prosecuted criminally. However, there is much evidence to support the claim that the contract was made to avoid action by way of civil suit. This expressly appears throughout the record and particularly in the testimony of Harold Ditmer, marshal of the village of Ludlow Falls, at the bottom of page 22 and the top of page 23 of the record as follows:

"Q. Then all you said to Mr. Hartley to persuade him to sign this agreement was that if he signed it you wouldn't call the State Patrol? A. No. What I left up to him was, what we really wanted answered that night was, for somebody to assume the responsibility for the accident. He was very much concerned with not having any trouble and due to his wife's physical condition and possibly other reasons. I didn't attempt to make an arrest of reckless driving that night, although I believe I could.
"Q. Did you threaten to? A. I did not."

and at the bottom of page 23:

"Q. You don't remember of anything he (Mr. Coate) said particularly or any promises he made? A. None other than it was more or less jointly agreed between them that possibly, if the car was taken care of, he wouldn't cause him any trouble by suit or anything like that. That is all that was left in my mind."

"The actual forbearance or promise to forbear to prosecute a claim on which one has a right to sue is sufficient consideration." 17 C.J.S. 459, 9 O. Jur., 298 & 9.

A blue bottle case is Plunkett v O'Connor, 295 N. Y. S., 492.

It follows from what we have heretofore said that there was no prejudicial error in the first two errors assigned and because of the conflict of testimony it was the province of the jury to determine in whose favor the issues should be decided, therefore, there was no prejudicial error in the overruling of the motion for a new trial.

The judgment will be affirmed.

GEIGER, P. J., and BARNES, J., concur.