OPINION
This is an accelerated appeal arising from a decision by the Butler County Court of Common Pleas enforcing a settlement agreement and dismissing appellants' action.
On February 18, 1994, plaintiffs-appellants, Ray and Margaret Sligar, filed suit against their former neighbor, defendant-appellee, Doris Kerby, for harassment, invasion of privacy, and defamation. Appellants also alleged that appellee had caused members of Crisis Assistance and Probate Services ("CAPS"), which is a contract service organization of the Butler County Mental Health Board, to conduct an investigation of them which resulted in appellants suffering embarrassment, humiliation, and damage to their reputation. Appellants sought damages in an amount exceeding $25,000 and later amended their complaint, with the approval of the trial court, to include a request for an additional $10,000 in punitive damages.
Several hearings were held involving all parties, their respective counsel, and Dr. Solomon Fulero, counsel for the Center for Forensic Psychiatry ("Forensic"), which held the records from the psychiatric investigation of appellants.[1]
On November 8, 1995, counsel for both appellants and appellee indicated on the record that the case would be settled. The discussions culminated in the following statement made on the record by appellants' attorney:
 I've discussed it with my clients. With the understanding that the court costs will be discharged by the court, my clients agreed to the sealing [of Forensic's records pertaining to appellants] and they understand that their cause of action against the defendant, Mrs. Kerby, who is the person that contacted all the agencies, including Forensic, the State of Ohio, everything else, that claim will be dismissed and they agree to it.
Appellants made no objection after appellants' attorney made the statement to the court.
Subsequently, appellants retained present counsel and filed a motion to amend their complaint for a third time. Appellee filed a motion to enforce the settlement that had been reached. The trial court granted appellee's motion to enforce the settlement and ordered the case dismissed.
On appeal, appellants contend that the trial court erred in enforcing the settlement agreement because they did not receive any consideration from appellee in exchange for their agreement to dismiss their case. Appellants argue that appellee received the benefit of the dismissal of the case but did not suffer a detriment. Thus, appellants contend that no agreement was made between the parties because there was a lack of consideration on appellee's part.
"Valuable consideration may consist of either a detriment to the promisee or a benefit to the promisor." Software Clearing House, Inc. v. Intrak, Inc. (1990), 66 Ohio App.3d 163, 175. Once the presence of consideration is demonstrated, a court will not explore the sufficiency of the consideration unless the case involves fraud or unfair treatment. Ford v. Tandy Transp., Inc. (1993), 86 Ohio App.3d 364, 384. Further, where the parties, orally on the record and in the presence of the court, voluntarily agree to settle a pending lawsuit, their settlement agreement constitutes a binding contract. Spercel v. Sterling Industries, Inc. (1972), 31 Ohio St.2d 36, paragraph one of the syllabus, certiorari denied (1973), 411 U.S. 917, 93 S.Ct. 1550.
After carefully reviewing the record, we find that appellee was a third party beneficiary of the contractual relationship established between appellants, Forensic and the court. As a third party beneficiary, appellee received the benefit of the dismissal of the suit against her as a result of the detriment suffered on her behalf by Forensic and the court. The appellants' forbearance to proceed further with their suit against appellee "is consideration for a promise of a third person, even though the claim is not one asserted against the third person and the forbearance was of no advantage to that person."[2] 2 Corbin on Contracts 124, Section 5.24. See, also, generally, Coate v. Hartley (App. 1943), 39 Ohio Law Abs. 277, 279-280; Arlington Lumber Co. v. American Bank of Central Ohio (May 17, 1977), Franklin App. No. 76AP-992, unreported.
In this case, the agreement underlying the parties' decision to settle was actually between appellants, Forensic and the court. Appellants received the benefit of having their records at Forensic sealed and a refund of the court costs in exchange for suffering a detriment in the dismissal of their case against appellee. Likewise, both Forensic and the court received the benefit of having the case dismissed and no further involvement in the proceedings in exchange for a detriment to Forensic of sealing appellants' records, and to the court of refunding court costs to appellants.
Thus, even though appellee did not suffer a detriment, we find that a valid and enforceable settlement agreement existed and that the trial court properly enforced the settlement agreement and dismissed appellants' lawsuit against appellee. See Spercel, 31 Ohio St.2d at paragraph one of the syllabus. Accordingly, appellants' sole assignment of error is overruled.
Judgment affirmed.
KOEHLER and WALSH, JJ., concur.
[1] Forensic was not a party to appellants' cause of action against appellee. However, when several employees of Forensic were subpoenaed to testify in the action, Forensic and its attorney, Fulero, became involved as the information subpoenaed involved privileged material and/or communications.
[2] In order to illustrate this proposition, Corbin states that if C promised X to forbear to sue D in return for a promise of performance by X, a third person, there is a valid bilateral contract. C is bound by the promise made to X and D will be a third party beneficiary of the contract and can make use of it both affirmatively and defensively. 2 Corbin on Contracts, 124-125, Section 5.24.