SPERCEL, D. B. A. SPERCO TOOL CO., APPELLEE, *v.* STERLING INDUSTRIES, INC., APPELLANT, ET AL.

(No. 71-381—Decided July 5, 1972.)

*Messrs. McCarthy, Savransky & Greenwald* and *Mr. Lincoln R. Thorman,* for appellee.

*Messrs. Kahn, Kleinman, Yanowitz & Arnson* and *Mr. Sheldon Berns,* for appellant.

O'NEILL, C. J. The question presented is whether the oral settlement agreement entered into by the parties and journalized in the *nunc pro tunc* entry can be set aside pursuant to a petition to vacate filed by plaintiff who refused to comply with the terms of the settlement agreement.

As noted in 15 American Jurisprudence 2d 938, Compromise and Settlement, Section 4: "The law favors the resolution of controversies and uncertainties through compromise and settlement rather than through litigation. * * * The resolution of controversies * * * by means of compromise and settlement * * * results in a saving of time for the parties, the lawyers, and the courts, and it is thus advantageous to judicial administration, and, in turn, to government as a whole." To this we might add that courts today could not successfully cope with the volume of their dockets in the absence of settlement agreements.

With the foregoing observations in mind, we proceed to the facts in this cause. At the hearing on the petition to vacate, the trial judge in the original action testified that after the original discussions "* * * both in the presence of both clients and both their counsel, we finally came to what I had understood to be a firm agreement between the lawyers and the clients, with the agreement of the clients."

This cause is thus distinguishable from *Morr* v. *Crouch* (1969), 19 Ohio St. 2d 24, 249 N. E. 2d 780, wherein a Court of Appeals' judgment vacating a settlement entry was affirmed by this court. In that case, not all parties were present at the settlement conference and the attorney for the absent party lacked authority to enter into the settlement agreement.

In vacating the settlement, the trial court stated that "* * * there wasn't any agreement. There was no agreed entry. There was no release. There was no money paid.

"* * *

"The court made an error when it put on an entry of settlement and dismissal, because that was not a fact, and that wasn't a journal entry of judgment in the case at all, because there hadn't been any hearing on the merits."

Thus the trial court refused, in effect, to recognize the validity of the journal entry filed on November 9, 1965, and held for naught the settlement proceedings in which all parties concurred at the settlement conference. That conclusion on the part of the trial court overlooks the effect of the settlement agreement.

*Main Line Theatres* v. *Paramount Film Distrib. Corp.* (1962), 298 F. 2d 801 (certiorari denied, 370 U. S. 939), involved a settlement agreement. The court there found the agreement to be binding, stating, in footnote 1, on page 802:

"There was no formal offer and no formal acceptance. Neither was there a written settlement agreement. But the record warranted a finding that the negotiations reached a point where mutual assent had been expressed orally to settle the litigation for $10,000. We agree with the district court that the law requires no more formality and not greater particularity than appears here for the formation of a binding contract. Cf. *Taylor* v. *Stanley Co. of America,* 1932, 305 Pa. 546, 158 A. 157; *Schermer* v. *Wilmart,* 1925, 282 Pa. 55, 127 A. 315; Restatement, Contracts, §§ 19(b), 26."

We concur with the foregoing analysis of the effect of a settlement agreement, and conclude that the agreement reached here between the parties was of binding effect.

In *Herndon* v. *Herndon* (1971), 227 Ga. 781, 183 S. E. 2d 386, 388, the Supreme Court of Georgia stated:

"Where the parties to a case pending in court enter into a definite * * * oral settlement agreement, compromising the issues, and there being no denial of this agreement, it is the duty of the court to make the agreement the judgment of the court and thereby terminate the litigation."

Even stronger is the language found in *Cummins Diesel Michigan, Inc.,* v. *The Falcon* (1962), 305 F. 2d 721, 723, where the court stated "* * * that a settlement agreement or stipulation voluntarily entered into cannot be repudiated by either party and will be summarily enforced by the court."

It is apparent here that there was an intention on the

part of plaintiff to disavow the settlement agreement for the reasons expressed in the petition to vacate. This intention was made known to the trial judge sometime after April 16, 1964, when plaintiff's counsel told the judge personally that his "* * * client was dissatisfied with the settlement and wouldn't sign the release and that I [counsel] wanted to try the case."

Something more is required of a party to effect a rescission of a settlement agreement than was done in the instant case. When the trial judge signed the *nunc pro tunc* entry, he was merely journalizing what had transpired in the cause at the settlement conference. Although he had knowledge that plaintiff had not complied with the agreement, the judge acted properly in signing the entry in the absence of some affirmative action on the part of plaintiff other than oral notification that plaintiff would and had refused to honor the agreement.

Once the settlement agreement was achieved through the efforts of the trial judge, plaintiff had a duty, if he wished to disavow that agreement, to file a motion to set it aside.

To permit a party to unilaterally repudiate a settlement agreement would render the entire settlement proceedings a nullity, even though, as we have already determined, the agreement is of binding force.

In an action for accounting and royalties a settlement agreement entered into between the parties in the presence of the court constitutes a binding contract, even though not reduced to writing; and where a party enters into such an agreement he must, if he seeks rescission, file a motion to set it aside. Where no such motion is filed, a journal entry reflecting the settlement agreement will be given effect.

In respect to the allegations of fraud contained in the petition to vacate, the record shows that plaintiff's counsel had knowledge that the motion for the *nunc pro tunc* entry was being filed by virtue of a letter dated September 30, 1965, which was sent to him by defendant's counsel and which he admitted receiving. Plaintiff admits that he did not

oppose that motion, although an examination of the record reveals that plaintiff had knowledge of the facts, upon which the assertion of fraud is based, prior to the time the motion for the *nunc pro tunc* entry was filed.

Had the entry been filed before the alleged fraud was discovered, then clearly plaintiff could raise it, as plaintiff contends, under R. C. 2325.01. However, where the facts concerning the alleged fraud were known to plaintiff prior to the entry of judgment, which was based on the settlement agreement, they could have been asserted in opposition to the motion for the *nunc pro tunc* entry. Therefore, we are of the opinion that plaintiff's failure to do so estops him from asserting the alleged fraud in a petition to vacate.

For the foregoing reasons, the judgment of the Court of Appeals is reversed and final judgment is rendered for defendant.

*Judgment reversed.*

SCHNEIDER, HERBERT, STERN and LEACH, JJ., concur. CORRIGAN and BROWN, JJ., dissent.