**NATIONAL AUDUBON SOCIETY et al., Appellants,**

**v.**

**SCHREGARDUS, Director of Environmental Protection, Appellee.**

[Cite as *Natl. Audubon Soc. v. Schregardus* (1999), 133 Ohio App.3d 245.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 98AP–642.

Decided March 18, 1999.

*E. Dennis Muchnicki,* for appellants.

*Betty D. Montgomery,* Attorney General, *Margaret A. Malone* and *Robert J. Karl,* Assistant Attorneys General, for appellee.

---

PEGGY BRYANT, Judge.

Appellants, National Audubon Society, Ohio Citizen Action, Friends of the Crooked River, Edith Chase, Diana Salisbury, Sycamore Valley Environmental Awareness Group, League of Ohio Sportsmen, Ohio B.A.S.S. Chapter Federation, Audubon Society of Greater Cleveland, and Rivers Unlimited, appeal from the April 22, 1998 order of the Environmental Review Appeals Commission ("ERAC") dismissing appellants' administrative appeal based upon the parties' filing of a joint stipulation and settlement agreement. Because ERAC complied with Ohio Adm.Code 3746–11–05, we affirm.

Under Section 401 of the Federal Water Pollution Control Act ("Act"), codified at Section 1341, Title 33, U.S.Code, federal permits for activities that may result

in any discharge into the navigable waterways of the United States must be certified in the state in which the discharge originates or will originate. On February 10, 1997, pursuant to Section 401 of the Act, appellee, Director of Environmental Protection ("director"), conditionally certified several nationwide permits issued by the United States Army Corps of Engineers. See Section 1341(a)(1), Title 33, U.S.Code. Among the permits the director conditionally certified was Nationwide Permit No. 26, which sets forth standards for discharge into headwaters and isolated waters.

Pursuant to R.C. 3745.04, appellants appealed to ERAC the director's certification of Nationwide Permit No. 26, arguing for more extensive state protection for certain types of wetlands and headwater streams. Prior to the administrative hearing date, the parties negotiated a settlement agreement in which the director agreed to modify the 401 certification of Nationwide Permit No. 26 to provide some of the protection appellants desired. The parties modified the agreement pursuant to public commentary, and on March 12, 1998, the parties jointly moved ERAC to adopt a joint stipulation and settlement agreement. The parties submitted with their joint stipulation and settlement agreement a proposed "final order approving joint stipulation and settlement agreement."

On April 22, 1998, ERAC issued a final order of dismissal of appellants' appeal. While ERAC neither formally adopted the settlement agreement nor issued the proposed final order in the form the parties requested, ERAC nevertheless based its order of dismissal on the filed settlement agreement. Appellants appeal, assigning the following error:

"The Environmental Review Appeals Commission violated its own regulations, and fundamental notions of due process, when it dismissed appellants' appeal. rather than adopting, pursuant to O.A.C. 3746–11–05, the final order which the parties had stipulated in their settlement agreement was both lawful and reasonable."

■ The appellate standard of review governing appellants' appeal is set forth in R.C. 3745.06, which provides that this court "shall affirm the order complained of * * * if it finds * * * that the order is supported by reliable, probative, and substantial evidence and is in accordance with law." In that context, appellants argue that ERAC's dismissing their appeal without formally adopting the joint stipulation and settlement agreement constitutes a violation of Ohio Adm.Code 3746–11–05, which provides:

"(A) If all parties agree, settlement will be allowed at any stage of the proceedings prior to a final order of the Board.

"(B) In all cases where a proceeding is sought to be terminated by any of the parties as a result of a settlement agreement, the terms of such settlement shall

be submitted to the Board for approval and, after approval, the Board shall issue their final order."

■ While Ohio Adm.Code 3746–11–05 grants ERAC the discretion to *approve* settlement agreements, it does not require ERAC to formally *adopt,* by written order, the settlement agreement that the parties submit for approval. Indeed, the present case illustrates the problems attending appellants' interpretation of Ohio Adm.Code 3746–11–05. ERAC's statutory obligation is to approve, vacate, or modify the underlying action depending on whether ERAC finds, after a hearing, that the action is lawful and reasonable. R.C. 3745.05. Requiring ERAC to formally modify the underlying action appealed from, merely because the parties have included such a modification in their settlement agreement, suggests the authority granted to ERAC is being impermissibly conveyed to the parties.

Appellants nonetheless maintain that if ERAC will not adopt in the form of a written order the terms of their filed settlement agreement, it must disapprove the settlement agreement and proceed with a hearing on the merits of the appeal. Appellants' contention ignores the import of the fully-executed settlement agreement that the parties negotiated.

■ "It is axiomatic that a settlement agreement is a contract designed to terminate a claim by preventing or ending litigation and that such agreements are valid and enforceable by either party." *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.* (1996), 74 Ohio St.3d 501, 502, 660 N.E.2d 431, 432. Moreover, Ohio Adm.Code 3746–11–05(B) allows the parties, not ERAC, to seek to terminate an appeal by submitting a settlement agreement for approval. A valid settlement agreement covering all disputed issues removes those issues from the tribunal's consideration and renders further consideration by the tribunal of the substantive portion of the dispute unnecessary. Accordingly, a tribunal may permissibly and unconditionally dismiss an action without adopting the terms of the settlement agreement in its final order of dismissal. See, *e.g., Spercel v. Sterling Industries, Inc.* (1972), 31 Ohio St.2d 36, 60 O.O.2d 20, 285 N.E.2d 324, and *Hart v. Smolak* (Sept. 5, 1995), Franklin App. No. 94APE12–1808, unreported, 1995 WL 518849 (both involving journal entry of dismissal without adoption of settlement agreement).

Here, although ERAC did not choose to adopt and issue the parties' proposed final order, ERAC based its journal entry of dismissal expressly upon the filing of the joint stipulation and settlement agreement. ERAC's action manifested ERAC's approval of the settlement agreement and allowed the parties to dispose of the appeal, as contemplated by Ohio Adm.Code 3746–11–05(B).

■ Although appellants did not raise the issue by brief or assignment of error, appellants contended at oral argument that affirming ERAC's dismissal is

inequitable because appellants allegedly conditioned their bargain upon ERAC's adopting the terms of the settlement agreement. Appellants maintain that they would not have settled the action had they known ERAC could dismiss the appeal without issuing an order adopting the agreement. Notwithstanding appellants' contentions to the contrary, the joint stipulation and settlement agreement is not conditioned on ERAC's adopting it. While the parties incorporated into their agreement a final order approving the joint stipulation and settlement agreement, the operative language regarding the proposed final order is set forth in paragraph three, which indicates:

"The parties agree that following the close of the public comment period they will, jointly move the ERAC, pursuant to OAC 3746–11–05 for an order approving the terms of this stipulation and settlement agreement which orders the parties to act consistent with the terms of the settlement agreement. A copy of the order that [the] parties will move that the ERAC enter is attached hereto as Attachment C. The parties further agree and stipulate that the ERAC may, based on this stipulation, find that the resolution of this matter by the issuance of a modification of the 401 Certification of Nationwide Permit # 26 identical in substance with that set forth in Attachment A to Attachment C hereto is both lawful and reasonable."

Without question, the agreement unambiguously requires both parties to jointly move for approval of the settlement agreement, but it provides no recourse in the event ERAC fails to adopt the proposed order. Moreover, although the parties included a finding of lawfulness and reasonableness in the proposed final order, the settlement agreement recognizes ERAC's discretion by acknowledging that ERAC *may* make such a finding. While appellants insist that they intended to condition performance of their duties under the settlement upon ERAC's adoption of the terms of the agreement, no such condition exists in the agreement itself.

In the final analysis, under Ohio Adm.Code 3746–11–05, ERAC had the discretion to approve the terms of the parties' settlement; it was not required to adopt the terms of the settlement as its own order. It approved the settlement and appropriately dismissed the case. Moreover, because the settlement was not conditioned on ERAC's adopting the proposed order the parties submitted, ERAC's failure to do so does not invalidate the settlement agreement. Accordingly, appellants' single assignment of error is overruled.

Having overruled appellants' single assignment of error, we affirm the order of the Environmental Review Appeals Commission.

*Order affirmed.*

LAZARUS, P.J., and BOWMAN, J., concur.