OPINION
Plaintiff-appellant Leonhart Gas Oil, Inc. (hereinafter "Leonhart" or "appellant") appeals the August 30, 1999 Judgment Entry of the Richland County Court of Common Pleas which compelled enforcement of a settlement agreement. Defendants-appellees are Robert Boyer and Dorothy Boyer.
 STATEMENT OF THE CASE AND FACTS
We note at the outset, appellees failed to file a brief. Pursuant to App. R. 18, we accept appellant's statement of the facts and issues as correct. On September 16, 1988, appellees purchased real estate located at 38 Sandusky Street in Plymouth, Ohio. In consideration, appellees agreed to pay appellant $55,000; assume full responsibility for a $20,000 account due to appellant from the third-party operator of the service station located on the premises; and to execute two separate promissory notes, the terms of which were set forth in the agreement. Further, in order to secure the promissory notes, appellees executed a first mortgage deed on the 38 Sandusky Street property and a second mortgage deed on their personal residence. The second mortgage on appellees' personal residence was executed November 3, 1988. It was intended to secure all obligations undertaken by the September 16, 1988 Agreement. The agreement also contained covenants appellees would refrain from any waste, demolition, or alterations to the 38 Sandusky Street property without written approval from appellant. The Agreement was executed on September 13, 1988, by Leonhart, and Mr. Boyer. Mrs. Boyer signed the Agreement on September 16, 1988. Appellees made a $1,000 partial down-payment upon execution of the Agreement. On November 6, 1988, appellees tendered a second check for $6,500 for the remainder of the down payment. This check was dishonored for insufficient funds. Appellees never paid the remainder of the down payment. Further, appellees made no further payments for the property on either of the two promissory notes referenced in the Agreement. On December 27, 1990, appellant instituted a foreclosure action against the second mortgage on appellees' personal residence, as a result of appellees ongoing refusal to pay. On April 8, 1991, apparently in response to the foreclosure action, appellees filed for bankruptcy. Thereafter, in 1991, appellant presented a "Mutual Release and Settlement Agreement" (hereinafter "Settlement Agreement") to appellees on September 16, 1991. The Settlement Agreement recited an intent to affect a "global settlement" of all "differences" between appellant and appellees. The document provided signature lines for Leonhart, Irwin Fike, president of Leonhart, Robert Boyer, and Dorothy Boyer. The document contains only the signatures of Mr. Fike as president of the corporation, Mr. Fike as an individual, and Robert Boyer. Dorothy Boyer never signed the Settlement Agreement. Under the terms of the Settlement Agreement, appellees were required to vacate the property by a date certain; to convey all stock owned by appellees in Highway Marine, Inc. to Mr. Fike; and to deliver to Mr. Fike either a specific corvette car, or $2,500 in either cash or certified funds. Once the stock and car or money were delivered, Mr. Fike and Leonhart agreed to release the mortgage on appellees' personal residence and to dismiss any and all claims, suits or causes of action arising out of the relationship between [the parties] from the beginning of time up to the date of the signing of this [Settlement Agreement"]. At the evidentiary hearing, both Mr. Fike and his attorney, William McIntyre, testified appellees never provided the consideration contemplated in the settlement agreement. Both Mr. Mrs. Boyer testified all consideration required under the Settlement Agreement was tendered to and accepted by Mr. Fike. The Boyers had no documentary evidence to back up this claim. The record contains no indication Leonhart ever dismissed the action in foreclosure. However, there is an indication other lawsuits, including the adversarial action in bankruptcy court and another action in Lancaster Municipal Court were dismissed. On March 19, 1992, a Notice of Discharge of Debtor from the United States Bankruptcy Court was filed in the bankruptcy action. After this notice was filed, all action in the matter sub judice ceased for a significant period of time. On February 1, 1999, the Boyers filed a Motion for an Immediate Hearing and a Motion to Compel Settlement pursuant to the terms of the Settlement Agreement. Appellant filed a response and the matter was set for hearing. On August 5, 1999, the trial court conducted an evidentiary hearing on appellees' motion to compel. In an August 30, 1999 Judgment Entry, the trial court found the Settlement Agreement to be valid and enforceable. However, the trial court also found certain conditions of the Settlement Agreement had not yet been satisfied. Therefore, the trial court ordered appellees to pay appellant $2,500, with interest, in accordance with the settlement agreement. The trial court further ordered appellant to release the lien on appellees' personal residence immediately upon receipt of the $2,500 plus interest. It is from this judgment entry appellant prosecutes this appeal, assigning as error the following:
 I. WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW IN DETERMINING THAT THE PLAINTIFF HAD NO RIGHT TO ENFORCE ITS ORIGINAL CLAIM AGAINST A MORTGAGE GIVEN AS SECURITY FOR SEVERAL DEBTS AND LIABILITIES.
 II. WHETHER THE TRIAL COURT ERRED IN DETERMINING THAT A DOCUMENT INTENDED TO BE A GLOBAL SETTLEMENT BETWEEN FOUR PARTIES, BUT THAT WAS NEVER SIGNED BY ALL PARTIES AND NEVER PERFORMED BY THE NON-SIGNING PARTY OR HER SPOUSE WAS ENFORCEABLE BY THEM.
 III. WHETHER THE TRIAL COURT ERRED IN DETERMINING THAT THE PLAINTIFF COULD PRESENT NO EVIDENCE TO JUSTIFY A RECOVERY BEYOND THE AMOUNT REPRESENTED BY AN INCOMPLETE, CONDITIONAL SETTLEMENT DOCUMENT THAT HAD NEVER BEEN EVEN SUBSTANTIALLY PERFORMED.
 IV. WHETHER THE TRIAL COURT ERRED IN DETERMINING THAT AN ACCORD OR SETTLEMENT HAD BEEN REACHED BETWEEN ALL PARTIES.
 I
In their first assignment of error, appellant maintains the trial court erred in finding the Settlement Agreement signed by Leonhart, Mr. Fike, and Mr. Boyer to be an enforceable contract. We agree. It is axiomatic a settlement agreement is a contract designed to terminate a claim by preventing or ending litigation and that such agreements are valid and enforceable by either party. Spercel v. Sterling Indus. (1972), 31 Ohio St.2d 36, 38. Settlement agreements are highly favored in the law. State ex rel. Wright v. Weyandt (1977), 50 Ohio St.2d 194. We first address the standard of review to be applied to rulings on a motion to enforce settlement. Because the issue is a question of contract law, Ohio appellate courts "must determine whether the trial court's corder is based on an erroneous standard or a misconstruction of the law. The standard of review is whether or not the trial court erred." Continental W. Condominium Unit Owners Ass'n v. Howard E. Ferguson, Inc. (1996), 74 Ohio St.3d 501. Accord and satisfaction is a common-law doctrine where there is a contract between a creditor and debtor for settlement of a claim by some performance other than that which is due. AFC Interiors v. DiCello (1989),46 Ohio St.3d 1, 3. Satisfaction takes place when the creditor accepts the accord. Id. Four elements must be present to have an accord and satisfaction: proper subject matter, competent parties, mutual assent, and consideration. 1 Am. Jur. 2D, Accord and Satisfaction, Section 4. As an accord and satisfaction is the result of an agreement between the parties, it cannot be consummated unless the creditor accepts the lesser amount with the intention that it constitutes a settlement of the claim. State ex rel. Shady Acres Nursing Home, Inc. v. Rhodes (1983), 7 Ohio St.3d 7,8. We address the question of accord and satisfaction first because it is dispositive of the remaining assignments of error. The parties entered into a contract for the sale of real estate. Appellant alleged appellee failed to perform under the real estate agreement and appellant filed an action in foreclosure. Appellees filed an action in bankruptcy and subsequently succeeded in discharging a number of debts, including debts to Mr. Fike. Shortly thereafter, the parties, except for Mrs. Boyer, entered into the Settlement Agreement to settle all disputes between them. The Settlement Agreement provides, in pertinent part: 4. The undersigned hereby release * * * each other from any and all claims, suits or causes of action arising out of the relationship between them from the beginning of time up to the date of the signing of this Agreement. It is understood that this is a full and complete release of all claims that each may have against the other, whether known or unknown, up to and including the date of this Release.
* * *
 6. * * * [Appellees] shall convey to Irwin Fike all the stock that he may own in Highway Marine, Inc. and Robert Boyer shall convey to Irwin Fike all the stock that he may own in Highway Marine, Inc. and Robert Boyer shall deliver to Irwin Fike the Corvette car * * * or Two Thousand Five Hundred Dollars ($2,500.00) in case or certified funds. 7. Upon delivery of the items in the above paragraph, [appellant] hereby agree to release the mortgage on [appellee's personal residence] and dismiss its foreclosure against said property being Case No. 90-862-H in Richland County Common Pleas court and dismiss Norwalk Municipal Court Case No. 91-CVG-910796. (Emphasis added).
 10. * * * Robert Boyer shall completely vacate or cause to be [sic] vacated 38 Sandusky Street by October 7, 1991 of [sic] the signing of this Agreement making the premises available for occupancy by Leonhart Gas Oil and [appellees] hereby release all claims they may have against [appellant] with regard to said property.
Notwithstanding any agreement reached on paper between Mr. Boyer, Mr. Fike and Leonhart, the trial court, in its August 30, 1999 Judgement Entry, specifically found Mr. Boyer failed to perform under the Settlement Agreement: Although Mr. and Mrs. Boyer testified that Mr. Boyer paid the $2,500.00 called for by the agreement to settle and although Mr. Fike acknowledged the settlement by his conduct, this Court is not convinced that payment was made. It is this Court's finding that although both parties proceeded on their agreement as if the consideration was paid, the $2,500.00 was not paid and remains outstanding.
Although the trial court noted in its judgment entry appellant dismissed the within action, the record shows no such dismissal. Without a tender and acceptance of the lesser sum in satisfaction of the pre-existing debt, there can be no accord and satisfaction. Appellant had absolutely no obligation to perform until Mr. Boyer satisfied the conditions precedent set forth above in paragraph 6. Because Mr. Boyer failed to satisfy the condition precedent, the trial court erred in finding the Settlement Agreement barred appellant's right to proceed on its foreclosure action. The trial court's judgment in favor of appellant for $2,500.00 plus interest after additional litigation over the Settlement Agreement is not equivalent to the voluntary, full performance by appellees under the Settlement Agreement, including the payment of $2,500.00 to appellant, without the necessity of additional litigation. Appellant's first assignment of error is sustained.
 II, III, IV
In light of our disposition of the first assignment of error, we find appellant's second, third and fourth assignments of error to be moot. The August 30, 1999 Judgment Entry of the Richland County Court of Common Pleas is reversed.
This matter is remanded to the trial court for further proceedings consistent with this opinion and the law.
 _________________________ By: Hoffman, P.J.
Farmer, J. and Reader, V.J. concur