OPINION
Eugene Wojton is appealing from the dismissal of an action filed against him by Tracy L. Martin and her husband, William David Martin, IV. The case involved an automobile accident which consisted of a collision between Martin's van and Wojton's car at an intersection. The case was ordered to non-binding arbitration, and following a hearing, the arbitrators found Wojton to be 70% at fault and Martin 30% at fault. The Martins were awarded $7,000 and their insurance carrier was awarded $3,247.15.
Wojton appealed the award, but before any trial was held, the Common Pleas Court of Montgomery County entered the following dismissal order:
 This court having been advised that this matter has been fully settled, compromised and paid, HEREBY dismisses this case in its entirety with prejudice to refiling. Costs paid by defendant Wojton.
This entry was signed by counsel for all parties, including Wojton's counsel.
Wojton filed a timely appeal from that order.
Wojton, on appeal pro se, filed a single-spaced brief[1] and presents the following sole assignment of error:
 The representation by Defendant's former counsel in the trial court was below the applicable standard and the outcome of the case would have been different had that not been the case, and therefore, the JUDGMENT ENTRY OF DISMISSAL AND SATISFACTION was error caused by ineffective representation, and said judgment must be reversed by this Court so that Defendant may properly defend against Plaintiff's lawsuit.
In support of the assignment of error, Wojton simply argues that his counsel was ineffective, and the settlement should not have been made. The problem here for Wojton is that the case has already been settled and, in the absence of fraud, duress, or undue influence, this voluntary settlement binds the parties. Spercel v. Sterling Industries, Inc. (1972), 31 Ohio St.2d 36, 60 O.O.2d 20.
As the court noted in Spercel, quoting from American Jurisprudence:
 "The law favors the resolution of controversies and uncertainties through compromise and settlement rather than through litigation. * * * The resolution of controversies * * * by means of compromise and settlement * * * results in a saving of time for the parties, the lawyers, and the courts, and it is thus advantageous to judicial administration, and, in turn, to government as a whole."
Id., 38, 21.
Wojton essentially argues the merits of his case to this court in asking for a reversal of the dismissal entry. We cannot do that. To refute a settlement agreement, he would have to go back to the trial court, and by motion or separate action, attempt to invalidate the agreement. We are bound to follow the rule of the Supreme Court in Spercel to find the settlement agreement binding and enforceable.
The sole assignment of error is overruled, the judgment is affirmed, and this appeal is hereby dismissed.
 __________________ FREDERICK N. YOUNG, J.
BROGAN, J. and FAIN, J., concur.
[1] In violation of App.R. 19.