OPINION
These accelerated calendar cases from the Trumbull County Probate and Common Pleas Courts have been consolidated. Appellant, Frederick Mahan, appeals from the judgment entered August 10, 2000, enforcing a settlement agreement between the parties.
Edward Chester Mahan, decedent, died on March 11, 1999, in Bristolville, Ohio. Mr. Mahan was survived by five children: son, Fredrick Mahan, appellant; daughter, Karen Beran, appellee; daughter, Carol Ferguson; daughter, Elizabeth Koehler; and daughter, Phyllis Leininger. Decedent left a will that was executed on May 27, 1997. Karen Beran brought this underlying action contesting the will on February 22, 2000.
The parties met in the Trumbull County Common Pleas Court on July 11, 2000, for the purposes of reaching a settlement agreement to the will contest action. The proposed settlement agreement would give Ms. Beran $15,500, to be paid from the estate share of appellant. The agreement also entitled Ms. Beran to receive certain items of personalty from the estate.
The same morning of the settlement hearing, a trust was discovered, dated November 5, 1991, that previously disposed of some of decedent's assets. There was some confusion by the parties as to what were the actual assets of the trust. However, the parties were in agreement that the property located at 599 and 601 Fairfield Dr., Warren, Ohio, was in the trust. This property was also conveyed by the will to Phyllis Leininger and Carol Ferguson, the beneficiaries of the trust, so there was not a change in the distributive pattern for this property. It was unclear whether there were any additional assets in the trust.
Appellant raises the following assignment of error:
 "The trial court erred to the prejudice of appellant by entering an agreed judgement entry in the absence of an agreement between the parties."
 The Supreme Court of Ohio has held that an oral settlement agreement entered into by the parties before a court operates as a binding contract on the parties. Spercel v. Sterling Industries (1972), 31 Ohio St.2d 36. Therefore, if there was an oral settlement agreement reached during the hearing, it would be contractually binding on the parties.
A settlement agreement requires a meeting of the minds as well as an offer and acceptance of that offer. Rulli v. Fan Co. (1997),79 Ohio St.3d 374, 376. It appears that the parties had reached a meeting of the minds prior to the hearing, when they negotiated the terms of the proposed settlement agreement. However, after the agreement was read into the record and accepted, the discussion focused on the newly discovered trust. Appellant's position was that the only property in the trust was the property located on Fairfield Drive. The administrator stated that there could be additional real estate in the trust. No one was certain whether or not this trust contained additional real estate. As counsel for Sharon Trolla, Robert Ohly, noted; placing additional properties into the trust would probably change the pattern of distribution under the will.
The trial court should have conducted an evidentiary hearing to resolve the issue as to what properties are included in the trust. As the Supreme Court of Ohio has held: "[w]here the meaning of terms of a settlement agreement is disputed, or where there is a dispute that contests the existence of a settlement agreement, a trial court must conduct an evidentiary hearing prior to entering judgement." Rulli at 377.
Here the issue is not necessarily a dispute as to the express terms of the settlement agreement. Rather, the issue is the uncertainty of the contents of the trust. Although the trust itself is outside of the settlement agreement, its potential effect on the settlement agreement and the parties involved is substantial. Certainly, appellant's willingness to settle is based on the amount he is to receive under the will. Further, the contents of the trust could affect the distribution of the estate property, which was the subject matter of the underlying lawsuit. As in all settlement agreements, dismissal of the underlying lawsuit is an essential term of the proposed settlement agreement.
The essential terms of the settlement agreement were reached before the settlement hearing and, thus, before anyone knew of the existence of the trust. At the time the settlement agreement was accepted by the parties, neither the contents of the trust nor the potential implications of these contents had been discussed before the court. Knowing of the existence of the trust and believing that the trust only contained the Fairfield Drive property was an additional essential term of the agreement. However, the trust was not taken into consideration by the parties when the proposed settlement agreement was negotiated. Therefore, the trial court should have conducted an evidentiary hearing since there was a dispute concerning an essential term of the proposed settlement agreement.
Another reason the court should have conducted the evidentiary hearing is that there was a dispute as to the existence of a settlement agreement. The court had knowledge that there was a dispute as to the existence of a settlement agreement when appellant refused to sign the judgment entry of August 10, 2000. The case sub judice is factually similar in this respect to Rulli, as the trial court in that case ordered a separate judgment entry to be filed within twenty-one days of the hearing and no separate entry was ever filed. Rulli at 375. Both of these occurrences similarly indicate that there was a dispute as to whether an agreement existed.
Appellee notes that there was acceptance of the settlement agreement by both parties at the hearing. There was also an oral acceptance of a settlement agreement in Rulli, to which the Supreme Court of Ohio stated:
 "It is not even enough that they had actually agreed, if their expressions, when interpreted in the light of accompanying factors and circumstances, are not such that the court can determine what the terms of that agreement are. Vagueness of expression, indefiniteness and uncertainty as to any of the essential terms of an agreement, have often been held to prevent the creation of an enforceable contract." Rulli at 376, quoting Corbin on Contracts (Rev.Ed. 1993) 525, Section 4.1.
 The court in Rulli went on to state that "the language read into the record at the initial hearing reflects, at best, merely an agreement to make a contract." Id. at 377. We hold the same in this case. There was both indefiniteness and uncertainty as to the circumstances pertaining to the estate of Mr. Mahan, which is the subject matter of the underlying lawsuit. The dismissal of the underlying lawsuit is certainly an essential term of the settlement agreement.
We remand to the trial court to conduct an evidentiary hearing, to determine if there is an agreement. If the court determines that there is an agreement, the court should then determine what the terms of that agreement are, including a determination as to whether or not there is additional property in the trust, other than the Fairfield Dr. property, and the effect this additional property has on the settlement agreement.
 ____________________________ JUDGE WILLIAM M. O'NEILL
FORD, J., concurs,
CHRISTLEY, J., concurs in judgment only.