OPINION
Defendant-appellant, Frank A. Balcar, appeals from the decision of the Belmont County Court of Common Pleas enforcing the settlement agreed to by appellant and plaintiff-appellee, Wesbanco Bank Barnesville.
The case underlying this appeal began when appellee filed a complaint against appellant and his son, Mark Balcar (Mark), seeking to recover approximately $100,000 due on a note executed by appellant and Mark. Appellant filed counterclaims against appellee for an accounting of all of his business with appellee and for damages he suffered because of the litigation. Appellee later voluntarily dismissed Mark from the lawsuit without prejudice.
The trial court conducted a mediation session between appellant and appellee in August of 1999. The parties reached a settlement agreement and the court approved the agreement. They agreed that appellant would pay appellee the sum of $67,500. No court reporter was available to record the settlement and the parties agreed to prepare the settlement and file it with the court.
Unfortunately, a problem arose regarding releases among the parties. Apparently, Mark contended that he had a potential claim against appellee. Appellant believed that when the parties reached the settlement agreement, part of the agreement was for a release for any claims by appellee against Mark but not for a release for any claims Mark might have against appellee. Appellee believed that the settlement agreement provided for the mutual releases of itself and Mark or no releases at all.
Appellee filed a motion to enforce the settlement and the trial court held an evidentiary hearing on the motion. Appellant, who fired his attorney two days before the hearing, failed to appear at the hearing. Appellant's former attorney, who was present on behalf of Mark, moved for a continuance on appellant's behalf, which the court denied. Appellee moved for a default judgment against appellant and the court took the motion under advisement and proceeded to hear the evidence concerning the settlement agreement.
In its judgment entry of August 16, 2000, the trial court sustained appellee's motion for default judgment against appellant and found the following. Appellant and appellee settled all issues between them for $67,500, payable by appellant to appellee. In addition, the court found that appellee released appellant's wife, Lenore Balcar, from any potential claims. The court further found that the parties did not agree to any releases between appellee and Mark. Appellant filed his notice of appeal pro se from this judgment entry on September 8, 2000.
Appellant breaks his argument down into what he terms "assignments of error" but he fails to set out specific assignments of error as required by App.R. 16(A). Pro se civil litigants are to be held to the same standards as litigants who retain counsel. Saffold v. Hillside Rehab.Hosp. (June 27, 2000), Mahoning App. No. 99-CA-76, unreported, 2000 WL 875375 at *4. However, in the interest of justice, we will consider appellant's arguments as they are written.
First, appellant asserts that the trial court erred in its February 5, 1999 judgment entry. Appellant had filed a notice of appeal from the trial court's January 21, 1999 decision which overruled appellant's motion to halt the proceedings, motion for jury trial, motion to amend pleadings, and motion for counsel to withdraw. In its February 5, 1999 judgment entry, the court held that the notice of appeal filed by appellant was null and void as it was an appeal from an interlocutory order. However, the court did allow appellant's counsel to withdraw.
Appellant's argument is unclear. He seems to argue that he never waived his right to a jury trial. Appellant's appeal is limited to the review of the trial court's August 16, 2000 judgment entry enforcing the parties' settlement agreement. However, it is clear that appellant did not include a jury demand on his answer and counterclaims, which he filed on July 22, 1998, as is required by Civ.R. 38(B)(D). Appellant did not file a request for a jury trial until November 24, 1998 after appellee filed its answer, the court held a pretrial conference, and the case was set for trial.
Accordingly, appellant's first argument is without merit.
Second, appellant asserts that the trial court erred in its December 15, 1999 journal entry. The December 15, 1999 journal entry ordered appellant to pay the settlement amount of $67,500 to the court, which would hold the money until the court held an evidentiary hearing regarding the ancillary settlement terms.
Appellant argues that the court "placed the cart before the horse" because the court had not yet enforced the settlement agreement. (Appellant's Brief, p. 5). However, the court held the money in an interest bearing account and did not distribute it to appellee until it enforced the parties' settlement agreement. Thus, appellant's second argument is without merit.
Third, appellant asserts that the trial court erred in entering default judgment against him for failure to appear at the January 20, 2000 hearing.
Although the court states in its judgment entry that it sustained appellee's motion for default judgment, the court merely enforced the settlement agreement. No entry of default was necessary for the court to enforce the settlement agreement. Appellant had notice of the January 20, 2000 evidentiary hearing and yet he fired his counsel two days prior and failed to appear himself. The court proceeded to hear evidence and arguments from appellee and from Mark's counsel and took the matter under advisement. After consideration, the court sustained appellee's motion to enforce the parties' settlement. Accordingly, appellant's third argument is without merit.
Fourth, appellant asserts that the trial court erred by accepting the settlement agreement and ordering the parties to comply with it. He argues that since no written record existed as to the terms of the settlement agreement, the court was without the authority to enforce it. Appellant claims that the court was confused as to the settlement terms and the chain of events surrounding the settlement.
The standard of review to be applied to rulings on a motion to enforce a settlement agreement depends primarily on the question presented. If the question is an evidentiary one, this court will not overturn the trial court's finding if there was sufficient evidence to support such finding. Chirchiglia v. Ohio Bur. of Workers' Comp. (July 20, 2000), Mahoning App. No. 99-CA-226, unreported, 2000 WL 1114555 at *2. "Where the meaning of terms of a settlement agreement is disputed, or where there is a dispute that contests the existence of a settlement agreement, a trial court must conduct an evidentiary hearing prior to entering judgment." Rulli v. Fan Co. (1997), 79 Ohio St.3d 374, syllabus.
As the trial court properly stated in its judgment entry, when parties voluntarily enter into an agreement in the presence of the court the agreement is a binding contract. Spercel v. Sterling Industries, Inc. (1972), 31 Ohio St.2d 36, paragraph one of the syllabus. An oral settlement agreement is enforceable with no more formality and no greater particularity than would be for the enforcement of a binding contract.Id. at 39.
Accordingly, as long as the trial court had sufficient evidence before it as to the terms of the settlement, we will not reverse its decision to enforce the settlement.
In its judgment entry the court made the following findings. Mark testified that the parties settled for $67,500. Mark stated that he understood that appellee would release him from any claims. However, he also testified that he could not remember whether appellee's counsel agreed to such a request. Mark further testified that at the settlement conference he did not convey a desire to reserve the right to sue appellee. He testified that he wanted to put the entire matter to rest for the sake of his father and mother. Greg Dugan (Dugan), appellee's vice president, testified that he did not remember a request for a release for Mark at the settlement conference. Dugan also testified that the parties agreed to the settlement amount of $67,500.
The court found that the parties settled all claims between them for $67,500 and that appellee released Lenore Balcar with prejudice from all future claims, however, it did not release Mark. Based on the above evidence presented at the evidentiary hearing, the trial court founded its decision to enforce the settlement agreement on sufficient evidence. Accordingly, appellant's fourth argument is without merit.
For the reasons stated above, the decision of the trial court is hereby affirmed.
Waite, J., concurs.
DeGenaro, J., concurs.