This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Rita Meyer, nka Rita Pendleton, has appealed from an order of the Summit County Court of Common Pleas, Domestic Relations Division, that denied her motion to set aside a settlement agreement. This Court affirms.
 I
{¶ 2} Before addressing the merits of the appeal, we note that Plaintiff-Appellee Christopher Meyer did not file an appellate brief. Therefore, this Court may accept Appellant's statement of the facts and issues as correct. See App.R. 18(C).
{¶ 3} Appellant and Appellee were married on June 6, 1998. The parties are the parents of one child born on April 15, 1997. On April 10, 2001, Appellee filed a complaint for divorce and, apparently in a separate case that has not been made a part of the record in this appeal, a motion for a civil protection order. The trial court granted an ex parte temporary civil protection order, and Appellant thereafter agreed to the issuance of a permanent five-year civil protection order.
{¶ 4} On January 10, 2002, the parties appeared before the magistrate for a trial on Appellee's complaint for divorce. On that date, the parties entered into a settlement agreement that included a shared parenting plan, according to which Appellee would be the primary residential parent. The terms of the settlement agreement were read into the record of the hearing. In response to counsel for Appellant's inquiry, Appellee's counsel stated that he would prepare the divorce decree for journalization by the court, and that a written copy of the settlement agreement would be incorporated therein.
{¶ 5} On February 6, 2002, Appellant filed a motion to set aside the unjournalized settlement agreement, on the ground that she had entered into the agreement under duress. On February 19, 2002, Appellee submitted to the trial court a proposed judgment entry which incorporated the parties' settlement agreement reached at the hearing, and filed a motion requesting that the trial court journalize the decree. Two days later, the trial court journalized the divorce decree which incorporated the parties' settlement agreement, and issued a separate order denying Appellant's motion to set aside the agreement. Appellant has appealed from the denial of her motion to set aside the agreement, asserting two assignments of error. As both of Appellant's assignments of error raise related issues, we will address them together.
 II Assignment of Error Number One {¶ 6} "WHETHER THE TRIAL COURT JUDGE ERRED AS A MATTER OF LAW AND/OR ABUSED HER DISCRETION IN APPROVING AND ENFORCING AN ORAL SETTLEMENT AGREEMENT TIMELY REPUDIATED BY ONE PARTY ON THE GROUNDS THAT SAME WAS ENTERED INTO UNDER DURESS, FRAUD, MISTAKE, AND/OR UNDUE INFLUENCE."
 Assignment of Error Number Two {¶ 7} "WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO CONDUCT AN EVIDENTIARY HEARING ON [APPELLANT'S] MOTION TO SET ASIDE THE PARTIES['] ORAL SETTLEMENT AGREEMENT ON THE GROUNDS OF DURESS, FRAUD, MISTAKE AND/OR UNDUE INFLUENCE."
{¶ 8} In her first assignment of error, Appellant has argued that the trial court erred by denying Appellant's motion to set aside the settlement agreement and entering a final decree of divorce incorporating the terms of the agreement. In her second assignment of error, Appellant has contended that the trial court erred in failing to conduct an evidentiary hearing on her motion to set aside the separation agreement.
{¶ 9} Where parties enter into a settlement agreement in the presence of the trial court, such an agreement constitutes a binding contract. Spercel v. Sterling Industries, Inc. (1972), 31 Ohio St.2d 36, paragraph one of the syllabus. "[W]hen the parties enter into an in-court settlement agreement, so long as the court is satisfied that it was not procured by fraud, duress, overreaching or undue influence, the court has the discretion to accept it without finding it to be fair and equitable."Walther v. Walther (1995), 102 Ohio App.3d 378, 383. "In the absence of fraud, duress, overreaching or undue influence, or of a factual dispute over the existence of terms in the agreement, the court may adopt the settlement as its judgment." Id. The term "abuse of discretion" connotes more than a mere error of judgment or of law; rather, it implies that the court's ruling was arbitrary, unreasonable, or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
{¶ 10} Appellant has argued that at the time she entered into the settlement agreement in open court, she was under duress produced by the magistrate's erroneous interpretation of the law. Specifically, Appellant has asserted that on the day of the divorce trial, she was prepared to demonstrate through witness testimony that she should be named the custodial parent of the parties' daughter. Appellant has maintained, however, that the magistrate informed her that Loc.R. 7.06(B) of the Summit County Court of Common Pleas, Domestic Relations Division, precluded her from litigating the issue of custody because a civil protection order allocating parenting time was still in effect.[1]
According to Appellant, the magistrate further informed her that if she proceeded to a contested final hearing, the court would award custody to Appellee, grant Appellant visitation rights in accordance with the court's standard order, and order that she pay child support according to standard guidelines. Appellant has contended that the magistrate's erroneous interpretation of the law produced a state of duress, but for which she would not have entered into the separation agreement.
{¶ 11} In considering the elements necessary to establish duress in order to avoid a contract, the Ohio Supreme Court has stated:
 {¶ 12} "To avoid a contract on the basis of duress, a party must prove coercion by the other party to the contract. It is not enough to show that one assented merely because of difficult circumstances that are not the fault of the other party." (Emphasis added.) Blodgett v. Blodgett (1990), 49 Ohio St.3d 243, 246; see, also, Johnsen v. Johnsen (Feb. 28, 1996), 9th Dist. No. 17345, at 7-8 (affirming trial court's denial of motion to vacate divorce decree incorporating parties' settlement agreement, where the appellant alleged "duress" imposed by her own attorney).
{¶ 13} In the instant case, Appellant has not argued that Appellee's conduct was the cause of any "duress;" rather, Appellant has asserted that the duress under which she entered into the settlement agreement was occasioned by the magistrate's incorrect interpretation of the law. However, as the trial court stated in its order denying Appellant's motion to vacate the settlement agreement, "If [Appellant] wanted to argue a [principle] of law, she could have [gone] forward with the trial and preserved her right to object." The trial court's determination is thus consistent with this Court's conclusion in Yatskov. Yatsko (July 29, 1998), 9th Dist. No. 2681-M:
 {¶ 14} "[A]n allegedly errant ruling by a lower court [fails] to constitute grounds for breaking a binding contract. * * * If [the parties] believed the lower court's ruling was in error, they should have proceeded with the trial already in progress and appealed the ruling after the court issued its final, appealable order. Under the current circumstances, [the parties] voluntarily entered into an agreement and they cannot now attack it merely because they were personally motivated by a ruling they believed to be in error." Id. At 7-8.
{¶ 15} Accordingly, Appellant has failed to articulate a cognizable claim, in either her motion to set aside the settlement agreement or in her arguments to this Court, that she entered into the settlement agreement under duress.[2] The trial court therefore did not err in denying Appellant's motion to set aside the settlement agreement without a hearing. Appellant's assignments of errors are without merit.
 III
{¶ 16} Appellant's assignments of errors are overruled. The judgment of the trial court is affirmed.
BAIRD, P.J., BATCHELDER, J. CONCUR.
[1] In its order denying the motion to set aside the settlement agreement, the trial court agreed that the interpretation of law Appellant attributed to the magistrate was incorrect. For purposes of this appeal, we shall assume arguendo that the interpretation of the law purportedly advanced by the magistrate was erroneous.
[2] We need not address Appellant's argument that her financial conditions at the time she entered into the agreement made the prospect of going forward with a contested hearing and perfecting an appeal therefrom prohibitively costly, because the record shows that Appellant did not present this argument to the trial court in her motion to set aside the agreement.