JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant Lee R. Schraff (Schraff/appellant) appeals from the trial court's decision denying in part and granting in part his motion to enforce settlement. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} From 1980 to 1991 Schraff and defendant-appellee Stephen J. Ripich (Ripich/appellee) were involved in an insurance sales business together. In 1991 they decided to part ways. On November 5, 1999, Ripich announced his intention to retire and sell his business interest to a third party. In September of 2000, Schraff filed a complaint alleging breach of an oral contract he claimed to have with Ripich, agreeing that upon the death, sale, transfer, or retirement of either party, the other party would have a right of first refusal to acquire the first party's business. After settlement negotiations and mediation failed, the court set this case for trial on December 9, 2002. Prior to trial, on December 5, 2002, the parties entered into a settlement agreement memorialized in a letter from appellant's counsel to appellee's counsel. The letter was signed by both attorneys on behalf of their clients, and it states, in its entirety, as follows:
"This letter confirms our telephone conversation of December 5, 2002,during which you communicated Mr. Ripich's settlement proposal. Thisletter along with the telephone conference that I had with your secretarypreviously, represents Mr. Schraff's acceptance of Mr. Ripich's settlementproposal. Those settlement terms are:
 1. Mr. Ripich and or his Estate will sell his agency to Mr. Schraffupon retirement or death for the sum of 2.5 times the most recent previous12 full months' commissions;
 2. The purchase price will be paid one-third within 30 days ofSchraff's receipt of Ripich's past 12 full months' commissionstatements, at which time the agency shall transfer to Schraff. Thebalance shall be paid in equal consecutive monthly installments for 24months; and
 3. Mr. Schraff and Mr. Ripich shall be given adequate security for theother's performance upon sale which will include execution by Mr. Schraffof a personal cognovit note and UCC-1 financing statement relative toMr. Schraff's and/or his agency's receivables, as well as Mr. Ripich'scooperation which would include Mr. Ripich's personal phone calls tocustomers as necessary due to a customer's specific request or need.
 I would suggest that we execute a mutual release and settlementagreement which contains a copy of the Buy/Sell Agreement. Obviously, theBuy/Sell Agreement cannot be drafted over night and we should advise theCourt that the matter between Mr. Schraff and Mr. Ripich is resolved andthat the entry will follow. I suggest that we meet tomorrow morning andplace this agreement on the record so as to avoid any confusion.
 Please execute this agreement as set forth below. Thank you for yourcourtesy and professionalism in bringing this matter to a resolution."
 {¶ 3} The court issued a journal entry on December 11, 2002 indicating that "upon advice of [plaintiff's] counsel * * * case settled and dismissed. Entry to follow. Please remove from active docket. Final." On January 22, 2003, appellant sent a 12-page buy/sell agreement to appellee which included provisions not agreed upon in the December 5 settlement. Subsequent attempts to conclude the sale were unsuccessful and, on November 7, 2003, appellant filed a motion to enforce settlement agreement which appellee opposed. On June 16, 2004, the court issued an order denying the motion "in as much as the enforcement pertains to the subsequent settlement document submitted by plaintiff," and granting the motion "pursuant to the terms of the original settlement agreement of December 5, 2002."
 II. {¶ 4} In his first assignment of error, appellant argues that "the trial court abused its discretion and committed prejudicial error by not conducting an evidentiary hearing on appellant's motion to enforce settlement." Specifically, appellant argues that the dismissal of his lawsuit was conditional upon the buy/sell agreement and that a factual dispute exists regarding the terms of that agreement, therefore entitling him to an evidentiary hearing.
In support of this proposition, appellant relies on Rulle v. Fan Co.
(1997), 79 Ohio St.3d 374, 377, in which the Ohio Supreme Court stated, "[w]here parties dispute the meaning or existence of a settlement agreement, a court may not force an agreement upon the parties. * * * In the absence of such a factual dispute, a court is not required to conduct such an evidentiary hearing." In Rulle, the parties disputed most of the major elements of the agreement and offered varying interpretations of terms within the agreement.
 {¶ 5} Contrary to appellant's view, Rulle works against his assertion that he was entitled to an evidentiary hearing. In the instant case, only appellant disputes elements of the December 5 agreement and neither party introduced varying interpretations of the agreement's terms. Appellant brought a claim against his former business partner, drafted the settlement agreement and filed a motion to enforce it. It seems ironic that appellant is now attempting to unilaterally modify the agreement that he controlled from its inception.
 {¶ 6} The Ohio Supreme Court's decision in Spercel v. SterlingIndustries (1972), 31 Ohio St.2d 36, which the trial court cited in its journal entry, can be analogized to appellant's situation. In Spercel,
the court found the settlement agreement to be a binding contract and held that "[t]o permit a party to unilaterally repudiate a settlement agreement would render the entire settlement proceedings a nullity, even though, as we have already determined, the agreement is of binding force." Id. at 40. In the instant case, the court found the December 5 agreement valid, existing and enforceable. Additionally, the court found the terms of the settlement were memorialized in the December 5 agreement, which was signed by both parties, thus constituting a binding contract. Appellant did not allege any ambiguity in the agreement, nor did he dispute any facts. Accordingly, we find no evidentiary hearing was required and appellant's first assignment of error is overruled.
 III. {¶ 7} In his second and final assignment of error, appellant argues that "the trial court abused its discretion and committed prejudicial error in determining the December 5, 2002 letter constituted the entire agreement of the parties." Specifically, appellant argues the settlement was conditional upon the parties submitting a separate release and agreement, and the court's failure to hold an evidentiary hearing deprived appellant of the benefit of his bargain. As authority to support his position, appellant relies on myriad cases, none of which are directly on point with the case at hand. Appellant cites the following, all of which can be distinguished from his case: 820 Co. v. AM Fin.Group, Cuyahoga App. No. 81306, 2003-Ohio-1723 (discussing settlement agreements reached in the presence of the judge); Watral v. TreePreservation Co. (April 27, 2000), Cuyahoga App. No. 76853 (holding that because there was no offer, and therefore no acceptance, of a settlement agreement it was unenforceable); Morgan v. Hughes, Cuyahoga App. No. 82916, 2004-Ohio-637 (concluding that oral settlement agreements are enforceable); and Riordan's Sporting Goods, Inc. v. Riordan's Sports Equip., LLC., Trumbull App. No. 2002-T-0099, 2003-Ohio-3878 (holding that a motion to enforce was improperly granted when the parties offered different interpretations of the settlement terms).
 {¶ 8} In the instant case, appellant suggests that the December 5 settlement agreement is not the entire agreement of the parties.
However, nothing in the language of the document itself supports this. Appellant drafted the letter to accept appellee's settlement proposal. He detailed the settlement terms and determined that the parties should "advise the Court that the matter between Mr. Schraff and Mr. Ripich is resolved * * *." This language is concise and unequivocal. Furthermore, appellant recommends that the parties "execute a mutual release and settlement agreement which contains a copy of the Buy/Sell Agreement." However, nothing suggests that the buy/sell agreement will contain terms that are in addition to or inconsistent with the terms in the December 5 agreement. Finally, both parties signed the agreement, indicating mutual assent. Appellant does not claim a factual dispute, but rather attempts to simply contest the original settlement agreement. The court did not err when it found that the December 5, 2002 settlement agreement was a binding contract and should be enforced as is. Appellant's second assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, P.J., and Corrigan, J., Concur.