JOURNAL ENTRY AND OPINION
{¶ 1} Defendants-appellants[1] appeal from the trial court's decision that granted plaintiff-appellee JMJ, Inc.'s ("JMJ") motion to enforce settlement. For the reasons that follow, we affirm the judgment with respect to defendants Whitmore BBQ Restaurant and Virgil Whitmore. Defendant Vanessa Whitmore was dismissed from this lawsuit, therefore the judgment is vacated as to her.
 {¶ 2} The parties filed claims against each other relative to the construction of a restaurant on Kinsman Road in Cleveland, Ohio. The parties agreed to participate in mediation. An initial mediation took place on December 4, 2003. Thereafter, JMJ prepared an Audit and submitted it to defendants on December 15, 2003. JMJ included in the Audit, among other things, lien waivers, checks, and a summary of expenses from Edward Rumph of Genley Transfer, Inc., one of the subcontractors on the construction project. JMJ indicated that construction costs from Genley Transfer totaled $103,545.28, which included extras in the amount of $82,062.76. The total amount spent for the project was listed as $614,102.53.
 {¶ 3} On January 8, 2004, the parties continued mediation and settled the matter by executing a memorandum of settlement. Therein, defendants agreed to pay plaintiff a total of forty-seven thousand dollars ($47,000.00) in cash or certified check without interest.
 {¶ 4} On February 25, 2004, JMJ filed a motion to enforce the settlement agreement. On March 26, 2004, JMJ filed its notice of dismissal of its claims against Vanessa Whitmore. Defendants opposed plaintiff's motion to enforce the settlement and moved to vacate the mediation agreement. The court held an evidentiary hearing and ultimately granted plaintiff's motion to enforce the settlement. We will address the errors raised in defendants' appeal together where appropriate for discussion.
 {¶ 5} "I. The trial court erred in entering judgment against Vanessa Whitmore when the cause of action against her was voluntarily dismissed pursuant to Civ.R. 41(A)(1)."
 {¶ 6} Appellee did not address or otherwise dispute the merits of this assignment of error. The record reflects that plaintiff dismissed its claims against Vanessa Whitmore after filing its motion to enforce the settlement and before the motion was granted. The court authorized the dismissal and, therefore, the subsequent order enforcing the settlement agreement could not include this dismissed defendant. This assignment of error is sustained to the extent that the order appealed from is not applicable to Vanessa Whitmore.
 {¶ 7} "II. The trial court abused its discretion or otherwise erred in entering judgment against defendants inconsistent with the terms of the alleged memorandum of settlement.
 {¶ 8} "IV. The trial court erred in enforcing the memorandum of settlement due to fraud or misrepresentation."
 {¶ 9} "[A] settlement agreement is a contract designed to terminate a claim by preventing or ending litigation and such agreements are valid and enforceable by either party. Spercel v.Sterling Industries (1972), 31 Ohio St.2d 36, 38 [other citations omitted]. * * * [S]ettlement agreements are highly favored in the law. State ex rel. Wright v. Weyandt (1977), 50 Ohio St.2d 194,; Spercel, 31 Ohio St.2d at 38." ContinentalW. Condominium Unit Owners Ass'n v. Howard E. Ferguson, Inc.
(1996), 74 Ohio St.3d 501, 502.
 {¶ 10} A settlement agreement voluntarily entered into by the parties constitutes a binding contract, which the trial court possesses the authority to enforce. Mack v. Polson Rubber Co.
(1984), 14 Ohio St.3d 34, 36. Because plaintiff alleges the contract is voidable on the basis of fraud, the issue presents a matter of contract law. Accordingly, we "must determine whether the trial court's order is based on an erroneous standard or a misconstruction of the law. The standard of review is whether or not the trial court erred." Continental W. Condominium UnitOwners Ass'n, 74 Ohio St.3d at 502.
 {¶ 11} The trial court conducted an evidentiary hearing concerning defendants' allegations that the settlement agreement was procured by fraud. In particular, defendants alleged that plaintiff misrepresented the amounts paid or due Genley Transfer, Inc. The trial court based its decision on the testimony of defendant Virgil Whitmore, Edward Rumph (of Genley Transfer, Inc.), and John McCreary (of JMJ), as well as on the evidence presented.
 {¶ 12} To prove fraud in the inducement, defendants had to establish that JMJ made a knowing, material misrepresentation with the intent of inducing defendants' reliance, and that defendants relied upon that misrepresentation to their detriment.ABM Farms v. Woods (1998), 81 Ohio St.3d 498, 502. Alternatively, defendants argue the settlement should be set aside based upon a theory of constructive fraud. Assuming, without deciding, that constructive fraud is a viable basis for setting aside a settlement agreement, defendants were still required to prove that the alleged misrepresentation was material and that they were justified in relying on it. The trial court found that defendants failed to establish this claim.
 {¶ 13} Whitmore confirmed that he had the Audit documents prior to entering the settlement, that he and Rumph were friends, and that he could have checked the figures supplied by plaintiff prior to entering the settlement agreement. Rumph denied receiving $103,545.28 from plaintiff. However, Rumph confirmed that he signed lien waivers in the amount of $64,137. McCreary testified that he requires subcontractors to execute waivers in exchange for payment. Further, other evidence, such as copies of checks, confirmed that Rumph received at least $47,000 on behalf of Genley Transfer from plaintiff. And, it is undisputed that defendants had the Audit binder prepared by plaintiff several days prior to entering the settlement agreement.
 {¶ 14} The trial court's conclusion that defendants failed to establish fraud is supported by the record evidence. The trial court did not enter judgment inconsistent with the terms of the January 8, 2004 settlement agreement. In fact, the court incorporated the terms of the settlement agreement into its journal entry by specifically granting "plaintiff's motion to enforce the settlement agreement entered into by the parties on January 8, 2004." These assignments of error are overruled.
 {¶ 15} "III. The trial court erred in finding the plaintiff had the legal capacity and/or standing to file and maintain this action."
 {¶ 16} There is limited discussion in the record concerning defendants' allegations that JMJ, Inc. lacks standing and/or capacity to sue. Where the absence of standing is not established in the record, standing may be presumed. E.g., Security Nat'lBank Trust Co. v. Springfield City Sch. Dist. Bd. of Educ.
(Sept. 17, 1999), Clark App. Nos. 98-CA-104 and 97-CV-0579, distinguishing Buckeye Foods v. Bd. of Revision (1997),78 Ohio St.3d 459.
 {¶ 17} McCreary testified that he uses the name JMJ, Inc. in referring to JMJ Builders, Inc., that Peter Junkin registered his corporations, and that he had no idea whether JMJ, Inc. was registered as a fictitious name with the State of Ohio. Based on this evidence, we cannot definitively conclude whether JMJ, Inc. was or was not registered as a fictitious name. The trial court stated on the record that it had looked up the corporation during pre-trial conference and it was registered. Accordingly, we presume standing existed. This assignment of error is overruled.
 {¶ 18} Judgment affirmed as to defendants Virgil Whitmore and Whitmore's BBQ Restaurant and vacated as to Vanessa Whitmore.
 {¶ 19} Judgment affirmed in part and vacated in part.
It is ordered that appellee and appellants share equally the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., and McMonagle, J., concur.
[1] Whitmore's BBQ Restaurant, Virgil Whitmore, and Vanessa Whitmore.