## IN RE WHALLON.

*Alimony — Contempt — Habeas corpus — Inherent power of court to enforce decree — Enforcement of payment of alimony in gross — Inability of defendant to pay, how established — Habeas corpus not the proper remedy, when.*

1. Every court has inherent power and authority to enforce its decrees, if it had jurisdiction to make the order or decree, and the general assembly is without authority to abridge or deprive a court of power and authority to enforce its valid decrees, orders and judgments by contempt proceedings or such other proceedings as are necessary to establish its authority and respect as a court.
2. Imprisonment for contempt in failing to pay a judgment for alimony in gross is not violative of any constitutional right of the person duly imprisoned on such a charge of contempt for failure to obey the order.
3. An order of commitment for contempt imports verity, and it will be presumed that the court heard the evidence and found the defendant was able to pay the amount adjudged against him. It is incumbent upon the defendant to establish his inability to pay, and in the absence of a bill of exceptions containing the evidence, if any was offered, the presumption will be that the defendant failed to establish his inability to pay.
4. If the court has jurisdiction of a cause and proceeds irregularly or in an erroneous manner, the remedy is not *habeas corpus,* but proceedings in error.

(Decided May 3, 1915.)

ERROR: Court of Appeals for Hamilton county.

*Mr. W. A. Rinckhoff,* for respondent.

*Mr. C. S. Sparks,* for Whallon.

GORMAN, J. This is a proceeding in error to reverse a judgment of the common pleas court discharging J. Harry Whallon from the custody of the sheriff of Hamilton county, who held him in

the county jail under a judgment and commitment of the insolvency court of Hamilton county.

On December 23, 1913, the insolvency court of Hamilton county, in an action for divorce and alimony brought by Ella J. Whallon against her husband, J. Harry Whallon, then pending in said court, decreed a divorce to said Ella J. Whallon on account of the aggressions of her husband, and awarded her in gross the sum of $175 as and for alimony and attorneys' fees, and rendered judgment in her favor for said sum.

The order and judgment of the court as to the payment of the alimony not having been complied with, a rule was issued on the motion of the wife, directing the husband J. Harry Whallon to show cause in said insolvency court on or before March 6, 1915, at 10 o'clock, A. M., why attachment for contempt should not issue against him for disobedience of the said order directing him to pay said sum of $175. Whallon was thereupon brought into court, charges of contempt filed against him, and he was found guilty of contempt of court for failing to pay the sum of $150, being the balance unpaid of said judgment for alimony. He was thereupon committed to the jail of Hamilton county until said sum should be paid, or until the further order of the court, or until discharged by operation of law.

Thereupon, on March 16, 1915, said Whallon sued out a writ of *habeas corpus* in the common pleas court, and that court found that he was illegally restrained of his liberty, and discharged him from custody.

The case is now here on error to reverse that judgment.

The ground upon which the court of common pleas held the detention of Whallon to be illegal was that the insolvency court of Hamilton county had no jurisdiction to commit said Whallon, because by the act of the general assembly passed February 6, 1914 (104 O. L., 179-180), that court was deprived of jurisdiction in actions for divorce and alimony after December 31, 1914, and the order of the insolvency court in committing said Whallon for failure to pay alimony having been made after December 31, 1914, in an action for divorce and alimony, the same was null and void for want of jurisdiction to make the order.

At the time the decree for alimony was rendered, December 23, 1913, the court of insolvency of Hamilton county undoubtedly had jurisdiction to hear and determine actions for divorce and alimony under the delegation of power and authority contained in Subdivision 9 of Section 1637, General Code, so that the decree awarding Mrs. Whallon alimony was a valid, binding judgment and order, and enforceable against J. Harry Whallon either by execution or by attachment and commitment for failure to obey the same.

Did the insolvency court by the amendment of said Subdivision 9 of Section 1637, on February 6, 1914, lose jurisdiction after December 31, 1914, to enforce its judgments, orders and decrees made prior to that date? We think it did not, but that it as well as every court had inherent power and authority to enforce its decree if it had jurisdiction to make the order or decree. The general assembly

is without authority to abridge or deprive a court of power and authority to enforce its valid decrees, orders and judgments by contempt proceedings or such other proceedings as are necessary to establish its authority and respect as a court. It may create courts inferior to the courts of appeals, and it may limit or enlarge their jurisdiction and powers, but so long as the court continues to exist as a court it cannot be deprived of its inherent power to enforce its decrees, orders and judgments. If this power should be taken from a court, then it would cease to be a court and would lose the respect and dignity with which the people have clothed it.

"The power, therefore, [to enforce its decrees and orders] arose upon the creation of a court because it was implied in every conception of a court."

It was well said by Judge Shauck in the case of *Hale* v. *The State,* 55 Ohio St., 210, at page 213:

"The difference between the jurisdiction of courts and their inherent powers is too important to be overlooked. In constitutional governments their jurisdiction is conferred by the provisions of the constitutions and of statutes enacted in the exercise of legislative authority. That, however, is not true with respect to such powers as are necessary to the orderly and efficient exercise of jurisdiction. Such powers, from both their nature and their ancient exercise, must be regarded as inherent. They do not depend upon express constitutional grant, nor in any sense upon the legislative will. The power to maintain order, to secure the attendance of witnesses to the end that the rights of parties may be ascertained, and

to enforce process to the end that effect may be given to judgments, must inhere in every court or the purpose of its creation fails. Without such power no other could be exercised. * * *"

See also *Respublica* v. *Oswald,* 1 Dall., 319 (343).

Numerous other authorities might be cited to establish the elementary proposition that all courts have inherent power to enforce their decrees, orders and judgments, but we think it sufficient to cite only a few of them: 8 Am. & Eng. Ency. of Law (2 ed.), 28, 29: *State* v. *Frew & Hart,* 24 W. Va., 416; *Little* v. *State,* 90 Ind., 338; *People* v. *Wilson et al.,* 64 Ill., 195, and 7 Am. & Eng. Ency. Law (2 ed.), 30.

This power to enforce the decrees and orders of a court, even by contempt proceedings if necessary, the legislature cannot take away, because it can be exercised regardless of the consent of the legislature. If power distinguished from jurisdiction exists independently of legislative action, it will continue to exist notwithstanding legislation.

The insolvency court of Hamilton county still lives. It has not been abolished, nor have its powers to enforce its valid orders been abridged or curtailed. The order requiring Whallon to pay to his wife this sum of money is a valid subsisting order, and the court had ample power to compel Whallon to obey it.

What might be the status of a decree or judgment granting a divorce or alimony since January 1, 1915, we do not decide, as that question is not presented to us by the record in this case. The jurisdiction of that court to hear and determine

divorce and alimony actions since December 31, 1914, is not raised by the record.

The second question involved in this case is as to the power or authority to punish as for contempt of court the refusal to pay a judgment for alimony in gross. Is this a judgment for a debt, which can only be enforced by execution and levy on property, and which cannot be enforced by imprisonment in contempt proceedings? We think that this question has been decided adversely to the contention of counsel for J. Harry Whallon in the cases of *State, on Complaint of Cook,* v. *Cook,* 66 Ohio St., 566, and *Lubbering* v. *State,* 19 C. C., 658.

In the case of *State, etc.,* v. *Cook,* the second paragraph of the syllabus reads as follows:

"A final money decree for alimony is not a debt within the purview of the constitutional inhibition against imprisonment for debt, but is such an order as that, under favor of section 5640, Revised Statutes [Section 12137, General Code], punishment as for a contempt may follow willful failure to comply with it."

In the case of *Lubbering* v. *State, supra,* the circuit court of this county held that the court has power to imprison for failure to pay a judgment in gross awarded as alimony.

Therefore we think it may be said to be fairly established in this state that imprisonment for contempt, in failing to pay a judgment for alimony in gross, is not violative of any constitutional right of the person duly imprisoned on such a charge of contempt for failure to obey the order.

Thirdly, it is claimed that the record fails to show that Whallon was able to pay the alimony at the time the court of insolvency ordered him committed, and that the fact should appear in the record that he is able to pay before any valid commitment can be made.

The order of commitment for contempt imports verity, and it will be presumed that the court heard the evidence and found the defendant was able to pay the amount adjudged against him. (*Galley* v. *Galley,* 13 C. C., N. S., 522.) It was incumbent upon the defendant Whallon to establish his inability to pay, and in the absence of a bill of exceptions containing the evidence, if any was offered, the presumption is that the defendant failed to establish his inability to pay. *Galley* v. *Galley, supra.*

Furthermore, the failure of the record to disclose ability to pay, on the part of Whallon, cannot be raised in this *habeas corpus* proceeding. This question would have to be raised in error proceedings. If the court had jurisdiction of the person of Whallon and of the subject-matter — contempt of court — then any and all errors claimed to exist in the record must be taken advantage of by error proceedings, and not in a collateral attack. *Effinger* v. *State,* 11 C. C., 389, and 1 Bailey on Habeas Corpus, 284-288.

*Habeas corpus* cannot be employed to review errors of the court. 15 Am. & Eng. Ency. of Law (2 ed.), 172.

If the court has jurisdiction of a cause and proceeds irregularly or in an erroneous manner, the remedy is not *habeas corpus,* but proceedings in

error. *Lillibridge* v. *State, ex rel. Stewart,* 7 C. C., N. S., 452.

So far as we are advised by the record in this case Whallon was able to pay. We have a right to presume that the court of insolvency so found before ordering him committed; but if the court did not so find, then an error proceeding is the proper remedy to employ to raise the question.

Being satisfied that the court of insolvency had jurisdiction of the person of Whallon, and of the subject-matter, contempt, we conclude that the court of common pleas erred in discharging J. Harry Whallon from custody, and the judgment of that court is reversed.

*Judgment reversed.*

JONES, E. H., and JONES, OLIVER B., JJ., concur.