OPINION
{¶ 1} This is an appeal from an order of the court of commonpleas dismissing a post-judgment motion to enforce a settlementagreement. We agree with the trial court that the relief soughtis not available ancillary to the dismissal order entered in thecurrent proceeding, and that a new action must be commenced toenforce the agreement. Accordingly, we will affirm.
 {¶ 2} The underlying action was commenced by Mary Ann Graceagainst Lisa A. Howell on Grace's claim for relief for personalinjuries arising from an automobile accident. The court referredthe case for arbitration pursuant to Mont. Loc.R. 2.35.
 {¶ 3} The arbitration panel filed its report and award onJanuary 29, 2003. It awarded Plaintiff Grace a total of $55,000on her claim. Mont. Loc.R. 2.35X(D) provides that, absent atimely appeal, "the Court shall enter judgment in accordance withthe report and award." No timely appeal was filed. Therefore, onMarch 6, 2003, the court granted judgment on the award in favorof Grace.
 {¶ 4} After the arbitrator's report and award was filed butbefore the court granted judgment on the award, the partiesagreed in February of 2003 to compromise and settle PlaintiffGrace's claims for relief. Subsequently on April 14, 2003, thecourt filed an agreed order of dismissal, with prejudice, statingthat the matter had "been settled and compromised to thesatisfaction of all parties as shown by the endorsement ofcounsel below." The agreed entry was signed by Defendant Howell'sattorney, who entered the approval of Plaintiff Grace's trialattorney "per telephone approval." The terms of the settlementagreement were not exemplified in the order of dismissal.
 {¶ 5} Six months later, on September 14, 2003, DefendantHowell filed a motion to enforce the settlement agreement. A copyof the written agreement was attached to the motion. Theagreement states that, in exchange for payment of $65,000 fromDefendant Howell and her insurer, Grange Mutual Casualty Company("Grange"), receipt of which she acknowledged, Grace agrees toindemnify and hold Howell and/or Grange harmless on any claimsarising from the accident, including any "subrogation claims byany other party." Howell's motion argued that, subsequent to theApril 14, 2003 dismissal order, Grange had paid Grace's owninsurer, State Farm Insurance Co. ("State Farm"), $9,335.30 on asubrogated claim for the expenses incurred by State Farm forGrace's medical care, and that Grace refused to indemnify Grange.Howell asked the court to require Grace to perform on herpromise.
 {¶ 6} The trial court denied Howell's motion. It reasonedthat, because the amount of the $9,335.30 paid by Grange was inan amount that had been determined in an inter-companyarbitration proceeding between State Farm and Grange to whichGrace was not a party, Grace was not bound by her indemnificationpromise to pay Grange that amount. The court held that Grangemust commence a separate action on its indemnification claimagainst Grace. Howell filed a timely notice of appeal.
 ASSIGNMENT OF ERROR {¶ 7} "The trial court erred in denying thedefendant-appellant's motion to enforce the settlementagreement."
 {¶ 8} The trial court reasoned that, while Grace had promisedto indemnify Howell and Grange on State Farm's subrogation claim,the amount of indemnification Grange sought was not enforceableagainst Grace because she was not a party to the privatearbitration between State Farm and Grange in which that amounthad been determined. We agree. However, we also believe that thecourt lacked the power to enforce the promise that Grace made, atleast by way of ancillary relief sought in the currentproceeding, because any duty Grace had to perform on her promiseis a matter dehors the record of the proceeding.
 {¶ 9} Courts possess the general power to enter judgment byconsent of the parties for the purpose of executing a compromiseand settlement of the claims for relief in an action. In thatjudgment, which is stipulated by agreement, litigants voluntarilyterminate a lawsuit by assenting to specified terms, which thecourt agrees to enforce as its judgment by signing andjournalizing an entry reflecting the terms of the settlementagreement. 46 American Jurisprudence 2d., Judgments, Section207.
 {¶ 10} Motions to enforce settlement agreements typicallyinvolve one party's failure to perform on a promise to settle thecase. The adverse party then asks the court to enforce theagreement, which the court may do on a finding that therequirements of a contract are satisfied. The court then enters ajudgment in the action on the claims for relief involved,pursuant to the terms of the settlement agreement.
 {¶ 11} Courts are authorized to enforce the terms of theirjudgments through post-judgment proceedings. Civ.R. 69 authorizesthe court to issue process to execute the term of its judgment.Civ.R. 70 authorizes the court to order a specific actionperformed. Each is granted on a post-judgment motion, usuallyfiled by a party in whose favor relief was granted in thejudgment.
 {¶ 12} Instead of an agreed judgment, parties may elect toterminate a lawsuit upon a compromise and settlement by enteringa voluntary stipulation of dismissal by the plaintiff pursuant toCiv.R. 41(A)(1)(a), or filing a stipulation of dismissal signedby all the parties pursuant to Civ.R. 41(A)(1)(b). Thestipulation typically terminates the action without grantingrelief to either party. Therefore, for the terms of Civ.R. 69 or70 subsequently to apply to enforce the terms of the underlyingsettlement, the terms of the agreement must be embodied in anorder of dismissal or a resulting order must contain a provisionfor the court's continuing jurisdiction over disputes arising outof the settlement. Kokkonen v. Guardian Life Ins.Co. Of America(1994), 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391. 15American Jurisprudence 2d., Compromise and Settlement, Section49. If, instead, the court enters a general and unconditionaldismissal order, the court cannot entertain a subsequent motionto enforce a settlement agreement which is dehors the record.Morgan v. Hughes (Feb. 12, 2004), Cuyahoga App. No. 82916.Then, a party seeking to enforce the agreement must either file anew, separate action for breach of contract or a motion to vacatethe dismissal order.
 {¶ 13} The agreed order of dismissal with prejudice the trialcourt signed and filed on April 14, 2003 neither expresslyembodied the terms of the settlement agreement nor expresslyreserved jurisdiction to enforce duties the settlement agreementimposed. Therefore, the trial court was correct in holding thatit could not enforce the duty of indemnification that Grace hadassumed in the settlement agreement in the same proceeding, andthat a new action to enforce Grace's promise to Grange wasrequired.
 {¶ 14} Even had the April 14, 2003 dismissal order imposed anindemnification requirement or reserved jurisdiction, on thisrecord those provisions would have been ineffective for the courtto grant the relief sought by Grange's motion. The trial court'sjurisdiction had terminated earlier, on March 6, 2003, when thecourt entered judgment for Grace on the arbitration panel'sreport and award. The court's judgment was final, and thereafterno claims survived which could be dismissed, voluntarily orotherwise. Therefore, the court lacked jurisdiction to enter theagreed order of voluntary dismissal it filed on April 14, 2003.
 {¶ 15} At oral argument, counsel for Grange argued that thecourt's March 6, 2003, judgment on the arbitration panel's awardwas ineffective because his office had not received a copy of it.That fact is not demonstrated by the record. In any event, thatfailure does not render a judgment ineffective or non-binding.Moreover, in order to avoid the judgment, Grange was required byMont. Loc.R. 2.35 X(D) to appeal the award, which it failed todo.
 {¶ 16} This is not to say that Grange is without an avenue ofrelief on its right to indemnification. "Indemnity . . . arisesfrom contract, express or implied, and is a right of a person whohas been compelled to pay what another should pay in full torequire complete reimbursement." Travelers Indemnity Co. v.Trowbridge (1975), 41 Ohio St.2d 11. Grange may thereforecommence an action for breach of contract on Grace's promise toindemnify.
 {¶ 17} "Generally, in an action to recover from an indemnitoron account of a demand upon which there has been a judgmentagainst the indemnitee, the indemnitor is bound by such judgmentif he or she had due notice of the suit in which it was renderedand had an opportunity to defend; such a judgment is conclusiveevidence against the indemnitor as to the amount of damagessustained." 18 Ohio Jurisprudence 3d., Contribution, Indemnity,and Subrogation, Section 45, pp. 279-280.
 {¶ 18} Grace lacked notice and an opportunity to defend in theinter-company arbitration proceeding between Grange and StateFarm. Therefore, and as the trial court held, Grace is not boundby the arbitration finding that the value of State Farm'ssubrogated claim is $9,335.30. That is not to say that Grace isrelieved of her duty to indemnify Grange. It merely means that anew proceeding must be commenced by Grange to determine andenforce its right of indemnification. More sensibly, the partiesought to make a good faith effort to determine what costsattributable to the accident were actually paid by State Farm,and then Grace should indemnify Grange that amount.
 {¶ 19} The assignment of error is overruled. The judgment ofthe trial court will be affirmed.
 Judgment affirmed.
 Fain, P.J. and Young, J., concur.