{¶ 15} I agree with the majority that this appeal should be dismissed for lack of a final, appealable order. However, I do so for a different reason.
 {¶ 16} The agreed judgment entry states that "[t]he Court finds that the Plaintiff Donald R. Werr and the primary Defendant Rebekah Moccabee * * * have reached an agreement regarding all pending matters." Further, the agreed judgment entry states that "upon satisfaction of all the above terms by Plaintiff and Defendant Moccabee, their respective Complaint, Counterclaim and all other pending pleadings and motions in this matter shall be dismissed with prejudice." The agreed judgment entry was approved by Werr, Moccabee, and the Ross County Treasurer and signed by the court. There is no indication in the record that the agreed judgment entry was ever approved by co-defendant, Guarantee Residential Lending, Inc. ("Guarantee"), despite the fact that it asserted a cross-claim in the action.
 {¶ 17} "Courts possess the general power to enter judgment by consent of the parties for the purpose of executing a compromise and settlement of the claims for relief in an action." Grace v. Howell, Montgomery App. No. 20283, 2004-Ohio-4120, ¶ 9. In such an agreed judgment, "which is stipulated by agreement, litigants voluntarily terminate a lawsuit by assenting to specified terms, which the court agrees to enforce as its judgment by signing and journalizing an entry reflecting the terms of the settlement agreement." Id., citing 46 American Jurisprudence 2d., Judgments, Section 207. By signing an agreed judgment entry, the *Page 8 
court acknowledges "that the parties have entered into a binding contract." Hayes v. White, Columbiana App. No. 01 CO 00, 2001-Ohio-3467, citing Spercel v. Sterling Industries, Inc. (1972), 31 Ohio St.2d 36,39. The parties to an agreed judgment or consent judgment are bound "as if the merits had been litigated." Id., citing Gilbraith v. Hixson
(1987), 32 Ohio St.3d 127, 129. Because Werr, Mocabee and the Ross County Treasurer approved the agreed judgment entry, it disposed of all claims between Werr, Moccabee, and the Ross County Treasurer when approved by the court.
 {¶ 18} However, where a party to the litigation "has not agreed to the [agreed] judgment [entry], * * * it can hardly be said to be binding on that party * * * [n]or can it be presumed that a party has waived any rights by the mere fact of failing to join in an agreed judgment entry." Id.
 {¶ 19} Here, on the signature line for Guarantee's attorney, it states "submitted/not yet approved." Because Guarantee never approved the agreed judgment entry, it is not binding upon it and its cross-claim remained pending despite any terms stating otherwise in the agreed judgment entry.[3] See Hayes, supra. Further, the trial court's subsequent order enforcing the agreed *Page 9 
judgment entry did not dispose of Guarantee's cross-claim either. As such, Guarantee's cross-claim remains pending.
 {¶ 20} Thus, I concur with the majority but for a different reason.
[3] It is unclear whether Guarantee intended to prosecute its cross-claim, because in its December 22, 2003, motion to attend pretrial via telephone, Guarantee represented to the court that its "loan account with the Plaintiff, Donald R. Werr has been reinstated * * * and, therefore, [Guarantee] is merely monitoring the above captioned action in order to protect its interest as a holder of a good and valid first mortgage lien on the property, the subject of this action." *Page 1