[Cite as *Grdn. DST Servs., L.L.C. v. Elite Technology, L.L.C.*, 2026-Ohio-466.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

GUARDIAN DST SERVICES, LLC,  :

    Plaintiff-Appellant,  :

                    No. 115283

    v.  :

ELITE TECHNOLOGY, LLC,  :

    Defendant-Appellee.  :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** February 12, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-994800

---

### *Appearances:*

Calfee, Halter & Griswold LLP, David T. Bules, Ronald M.
McMillan, and Nicholas M. Hudnell, *for appellant*.

Dinn, Hochman & Potter, LLC, and Steven B. Potter, *for
appellee*.

EILEEN T. GALLAGHER, J.:

{¶ 1} Appellant Guardian DST Services, LLC, as Trustee for the SLHS Trust
("Guardian"), challenges the trial court's determination that it lacked jurisdiction to
enforce the parties' agreed judgment entry and make a finding of contempt because
the court had not retained jurisdiction following dismissal of the case.

{¶ 2} Guardian raises two assignments of error:

1. The trial court erred in concluding that it lacked jurisdiction to enforce against Defendant-Appellee Elite Technology, LLC ("Elite") the Agreed Judgment Entry signed by the trial court, after Elite failed to perform what was required of it in the Agreed Judgment Entry.

2. The trial court erred in holding that it did not have jurisdiction to issue a finding of contempt based on its incorrect statement that it previously dismissed the action, including because the trial court never dismissed the action.

{¶ 3} After a thorough review of the applicable law and facts, we find that the trial court did not lack jurisdiction to enforce the agreed judgment entry or to adjudicate Guardian's motion for contempt. We therefore sustain both assignments of error, reverse the judgment of the trial court, and remand this matter for the trial court to determine whether Elite should be held in contempt.

## I. Factual and Procedural History

{¶ 4} This appeal arises from an action brought by Guardian against Elite alleging breach of the terms of a share-purchase agreement ("SPA") and real-estate purchase and sale agreement ("REPSA"). The matter was resolved via an agreed judgment entry ("AJE") that entered judgment in favor of Guardian on its breach-of-contract claims and provided other conditions of settlement.

{¶ 5} The AJE stated that the parties had previously informed the trial court that they had reached a settlement of all claims and that if Elite failed to close on the transactions set forth in the SPA and/or REPSA, Elite would be liable to Guardian for all attorney fees, expenses, and costs incurred by Guardian in connection with the subject proceeding and enforcement of the SPA and REPSA. The AJE

acknowledged that Elite had indeed failed to close the subject transactions, that Guardian was entitled to specific performance of the SPA and REPSA, and that Elite was consequently liable for all related attorney fees, expenses, and costs.

{¶ 6} Guardian moved for sanctions against Elite and requested an order requiring Elite to show cause why it should not be held in contempt for its failure to comply with the terms of the AJE. Guardian argued that Elite had violated the AJE by failing to (1) close upon the transactions contemplated under the agreements attached to the AJE by the closing date set forth in the AJE; and (2) pay all amounts due and owing under the agreements prior to the closing date.

{¶ 7} In conjunction with its motion, Guardian submitted an affidavit of attorney fees, expenses, and costs incurred in connection with enforcement of the SPA, REPSA, and the within action. In the affidavit, Guardian's attorney stated the total of the incurred fees, costs, and expenses was $84,152.19.

{¶ 8} Elite filed a brief in opposition to Guardian's motion, arguing that it had not intentionally failed to comply with the terms of the AJE and that it had been unable to fulfill its obligations under the AJE because Guardian had not performed its own contractual responsibilities.

{¶ 9} Guardian filed a reply brief in support of its motion for sanctions arguing that it had met its prima facie burden of showing that Elite had violated the AJE. It asserted that Elite had knowingly violated the AJE, had failed to establish a defense of impossibility, and that it was not entitled to additional time to cure the violations of the AJE.

{¶ 10} The trial court held a show-cause hearing where both sides appeared. A representative of Guardian and Elite each testified. At the conclusion of the hearing, the court determined that it did not have jurisdiction to enforce the AJE or to hold Elite in contempt. The court noted that the AJE did not state that the court retained jurisdiction to enforce it; any breach of the AJE was essentially a breach of a new contract and could only be enforced through a new action. The court issued a journal entry stating that it did not have jurisdiction to make a contempt finding.

{¶ 11} Guardian then filed the instant appeal.

## II. Law and Analysis

{¶ 12} Both of Guardian's assignments of error raise the same argument — the trial court erred in determining that it lacked jurisdiction to address Elite's failure to comply with the terms of the AJE. The second assignment of error also argues that the court had never actually dismissed the action, and therefore, the trial court erred in holding that it lacked jurisdiction to find Elite in contempt after the action had been dismissed.

{¶ 13} While Guardian is correct that the trial court did not specifically state in a journal entry that the matter was dismissed, the AJE concluded: "There is no just reason for delay; this is a final judgment pursuant to Ohio Rule of Civil Procedure 54 as to all claims asserted in the above-captioned case." The journal entry accompanying the AJE stated that the disposition of the case was final.

{¶ 14} "Courts have inherent authority to enforce their final judgments and decrees." *Infinite Sec. Solutions, L.L.C. v. Karam Properties II*, 2015-Ohio-1101,

¶ 27, citing *Rieser v. Rieser*, 2010-Ohio-6227, ¶ 5 (2d Dist.); *In re Whallon*, 6 Ohio App. 80, 83 (1st Dist. 1915). The Ohio Supreme Court has further noted that "[c]ourts also have the authority 'to enter judgment by consent of the parties for the purpose of executing a compromise and settlement of the claims for relief in an action.'" *Id.*, quoting *Grace v. Howell*, 2004-Ohio-4120, ¶ 9 (2d Dist.).

{¶ 15} This court has specifically addressed the trial court's retention of jurisdiction following the journalization of an agreed judgment entry. In *Pollock v. Trustar Funding*, 2019-Ohio-3272 (8th Dist.), this court stated that "'an agreed judgment is the court's acknowledgement that the parties have entered into a binding contract.'" *Id.* at ¶ 29, quoting *Hayes v. White*, 2001-Ohio-3467, ¶ 29 (7th Dist.), citing *Spercel v. Sterling Industries, Inc.*, 31 Ohio St.2d 36, 39 (1972).

> "Courts possess the general power to enter judgment by consent of the parties for the purpose of executing a compromise and settlement of the claims for relief in an action. In that judgment, which is stipulated by the agreement, litigants voluntarily terminate a lawsuit by assenting to specified terms, which the court agrees to enforce as its judgment by signing and journalizing an entry reflecting the terms of the settlement agreement."

*Id.* at ¶ 30, quoting *Grace* at ¶ 9, citing 46 Am.Jur.2d, Judgments, § 207. "'When the court incorporates the terms of the parties' settlement agreement into a consent decree, the court can enforce those terms as its judgment.'" *Id.*, quoting *Infinite* at ¶ 27, citing *Nippon Life Ins. Co. of Am. v. One Source Mgt., Ltd.*, 2011-Ohio-2175, ¶ 16 (6th Dist.).

{¶ 16} Moreover, a court has statutory authority under R.C. 2705.02 to find persons in contempt of court for disobedience of a lawful order or judgment.

Additionally, "[a] trial court has the inherent power 'to punish the disobedience of the court's orders with contempt proceeding.'" *State v. Priah (In re Wallace)*, 2024-Ohio-966, ¶ 7 (8th Dist.), quoting *Zakany v. Zakany*, 9 Ohio St.3d 192, 194 (1984).

{¶ 17} Here, the AJE not only referenced the terms of the parties' settlement but specifically outlined them. The AJE was signed by the trial court judge and journalized as an order by the court. Accordingly, the court had the authority to enforce the AJE and address Elite's failure to comply with its terms. The trial court therefore erred in holding that it lacked jurisdiction to make a finding of contempt. We sustain both assignments of error.

{¶ 18} Judgment reversed, and this matter is remanded for the trial court to rule on Guardian's motion for sanctions based upon the arguments and evidence previously offered by the parties.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

MICHELLE J. SHEEHAN, A.J., and
MICHAEL JOHN RYAN, J., CONCUR