OPINION.
{¶ 1} Plaintiffs-appellants, Cembex Care Solutions, LLC, and Oncology/Hematology Care, Inc. (together, "Cembex"), appeal from the trial court's order granting the motion of the defendant-appellee, Brian Gockerman, to enforce the parties' settlement agreement. Cembex originally sued its former employee Gockerman to enforce their Confidentiality and Intellectual Property Agreement. In a single assignment of error, Cembex contends that the trial court erred in its interpretation of language in Gockerman's draft of the agreement that provided for settlement of the confidentiality-agreement litigation and related claims. We conclude that the trial court had before it competent, credible evidence to support its factual determination that the parties intended by their settlement agreement to limit Gockerman's release from future liability. We, therefore, affirm the court's order enforcing the settlement agreement.
 {¶ 2} Cembex sued Gockerman for breach of the confidentiality agreement and of his common-law duties against the misappropriation of Cembex's trade secrets. Shortly, before the trial date, the parties agreed to a settlement. It is undisputed that on June 14, 2005, Gockerman's counsel sent Cembex's counsel an e-mail asking for confirmation of the "settlement of the litigation and all related claims for $35,000." Counsel for Cembex replied "Confirmed."
 {¶ 3} Neither party contests that they agreed to settle Cembex's existing claims for $35,000. Cembex contends, however, that a dispute remained over terms of the agreement that defined its future rights. Consequently, the parties exchanged several drafts of the settlement agreement. The parties did not approve or sign a single written instrument. Cembex maintains that its primary concern was that the settlement agreement not limit its rights to enforce claims against Gockerman for any action he might take in the future that would compromise Cembex's business activities.
 {¶ 4} In light of this dispute, on June 27, 2005, Gockerman filed a motion to enforce the settlement agreement. Gockerman attached to the motion his counsel's affidavit, the e-mail correspondence between the parties, and his version of the text of the agreement sought to be enforced. Cembex filed a reply memorandum, with the affidavit of its counsel and other evidentiary material attached.
 {¶ 5} On June 30, the trial court held a hearing, without a court reporter, on Gockerman's motion. Neither party objected to the hearing. Upon the argument of counsel and a review of the documents attached to the motion and the response, the trial court found that the terms of the settlement agreement were those embodied in the draft agreement prepared by Gockerman's counsel. The trial court ordered Gockerman to pay $35,000 to Cembex in exchange for its dismissal of all remaining claims. The text of the settlement agreement, incorporated into the trial court's order, stated as follows: "NOW, THEREFORE, in consideration of the covenants and agreements set forth herein, the parties agree to the settlement of all claims related to the subject matter of this case, including any and all claims that have been asserted or that could have been asserted by [Cembex] and Gockerman in the Litigation." Cembex appealed, claiming that the trial court erred when it selected and imposed the terms of Gockerman's draft agreement.
 {¶ 6} A "settlement agreement is a contract designed to terminate a claim by preventing or ending litigation and * * * such agreements are valid and enforceable by either party."Continental W. Condominium Unit Owners Assn. v. Howard E.Ferguson, Inc., 74 Ohio St.3d 501, 502, 1996-Ohio-158,660 N.E.2d 431. Settlement agreements are highly favored by the law. See State ex rel. Wright v. Weyandt (1977), 50 Ohio St. 2d 194,363 N.E.2d 1387. A party may seek to enforce a settlement agreement "through the filing of an independent action sounding in breach of contract, or it may be sought in the same action through a supplemental pleading filed pursuant to Civ.R. 15(E), setting out the alleged agreement and breach." Bolen v. Young
(1982), 8 Ohio App.3d 36, 38, 455 N.E.2d 1316; see, also, Mackv. Polson Rubber Co. (1984), 14 Ohio St.3d 34, 470 N.E.2d 902;Frank J. Catanzaro Sons Daughters, Inc. v. Trio FoodDistribs., Inc. (April 27, 2001), 1st Dist. No. C-000584.
 {¶ 7} A court cannot make a contract for the parties or force them to settle. See Litsinger Sign Co. v. American Sign Co.
(1967), 11 Ohio St.2d 1, 14, 227 N.E.2d 609. But when parties enter into an agreement in the presence of the trial court, the agreement is a binding contract. See Spercel v. SterlingIndustries, Inc. (1972), 31 Ohio St.2d 36, 285 N.E.2d 324, paragraph one of the syllabus. An oral settlement agreement is enforceable with no more formality and no greater particularity than would be required for the enforcement of any binding contract. See id. at 39, 285 N.E.2d 324.
 {¶ 8} The standard of review to be applied to a ruling on a motion to enforce a settlement agreement depends primarily on the nature of the question presented. If the dispute under review is a question of law, such as whether the parties entered into an agreement, an appellate court must review the decision de novo to determine whether the trial court's decision to enforce the settlement agreement was based upon an erroneous standard or a misconstruction of the law. See Continental W. Condominium UnitOwners Assn. v. Howard E. Ferguson, Inc., 74 Ohio St.3d at 502,1996-Ohio-158, 660 N.E.2d 431. If, however, the question is a factual or an evidentiary one, a reviewing court will not overturn the trial court's finding if there was sufficient evidence to support the finding. See Barstow v. O.U. RealEstate, III, Inc., 4th Dist. No. 01CA49, 2002-Ohio-4989, at ¶ 36; McMillin v. Davidson Indus. Inc., 5th Dist. No. 2004CA00014, 2005-Ohio-224, at ¶ 17; Chirchiglia v. Admr., Bur.of Workers' Comp. (2000), 138 Ohio App.3d 676, 679,742 N.E.2d 180 (7th Dist.); Tabbaa v. Koglman, 8th Dist. No. 84539,2005-Ohio-1498, at ¶ 15; Brown v. Dillinger, 9th Dist. No. 05CA0040-M, 2006-Ohio-1307, at ¶ 7; Thirion v. Neumann, 11th Dist. No. 2004-A-0032, 2005-Ohio-4486, at ¶ 13-14. A trial court may grant a motion to enforce a settlement agreement even if "the parties differed in their interpretation of the [settlement] terms." Barstow v. O.U. Real Estate, III, Inc., 2002-Ohio-4989, at ¶ 44. The trial court's determination of the terms of an agreement is a factual question. See id. at ¶ 36.
 {¶ 9} Here, the resolution of this appeal involves a review of the factual determinations made by the trial court. This court will not overturn the trial court's findings if they are supported by some competent, credible evidence. See Myers v.Garson, 66 Ohio St.3d 610, 1993-Ohio-9, 614 N.E.2d 742; see, also, Stand Energy Corp. v. Cinergy Servs. (2001),144 Ohio App.3d 410, 417, 760 N.E.2d 453.
 {¶ 10} We hold that the evidence submitted at the June 30 hearing supported the trial court's adoption of Gockerman's draft language. The trial court found that the parties had intended to enter into an agreement to settle the existing litigation for $35,000. The text of the final settlement agreement did not include the language, advanced by Cembex, that the agreement would not "effect Gockerman's continuing obligation under the Confidentiality and Intellectual Property Agreement." But the settlement agreement's text in the section entitled "Release of Gockerman," ends as follows: "This release shall not apply to any conduct occurring or claim accruing after the effective date thereof." The section entitled "Release of Cembex" also ends with this statement. The settlement agreement as journalized by the trial court is explicitly limited to acts and claims that arose prior to its entry on July 5, 2005. Thus, the agreement reflects Cembex's intention to release Gockerman only from liability for his prior acts. The agreement outlined its terms with sufficient specificity to evince the parties' intent to be bound, and the trial court was reasonably able to interpret those terms as including a limitation on the release of Gockerman. The assignment of error is overruled.
 {¶ 11} Therefore, we affirm the judgment of the trial court enforcing the settlement agreement.
Judgment affirmed.
Hildebrandt, P.J., and Painter, J., concur.