[Cite as *MJMT, Inc. v. Geier*, 2012-Ohio-813.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| MJMT, INC., | : | APPEAL NO. C-110378 |
| | | TRIAL NO. A-0902787 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| WILLIAM J. GEIER, JR., | : | |
| and | : | |
| BLP & ASSOCIATES, LLC, | : | |
| Defendants-Appellees, | : | |
| and | : | |
| LAWRENCE M. HABER, | : | |
| Defendant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: March 2, 2012

*Robbins, Kelly, Patterson & Tucker, Richard O. Hamilton, Jr., Jarrod M. Mohler,* and *Joshua L. Vineyard,* for Plaintiff-Appellant,

*Kircher Arnold & Dame, LLC,* and *Konrad Kircher,* for Defendants-Appellees.

Please note: This case has been removed from the accelerated calendar.

**HILDEBRANDT, Presiding Judge.**

{¶1} Plaintiff-appellant MJMT, Inc., appeals the judgment of the Hamilton County Court of Common Pleas denying its motion to enforce a settlement agreement in a contract dispute with defendants-appellees William J. Geier, Jr., and BLP & Associates, LLC ("BLP").

### The Parties' Settlement Agreement and the Motion to Enforce

{¶2} In March 2009, MJMT filed suit against Geier, BLP, and Lawrence M. Haber for an alleged breach of a guaranty arising from a commercial lease. In May 2010, the parties entered into a settlement agreement under which the defendants were to pay a total of $40,000. The agreement was structured to require the defendants to make initial payments totaling $28,000 and thereafter to make monthly payments of $1,000. The settlement agreement expressly stated that time was of the essence with respect to the payments. The agreement further required the defendants to effectuate the transfer of a liquor license to MJMT.

{¶3} The settlement agreement also provided for MJMT's remedies in the event of a default. The agreement stated,

> In the event Defendants default on a monthly payment, or otherwise fail to perform in accordance with the terms herein, then Plaintiff shall have the right to file a Motion for Judgment, supported by Affidavit as to amounts due, (which affidavit shall be conclusive to establish the amount in default), in Case No. A0902787 for a judgment in the amount of $45,000, plus interest at 11.5% per annum from March 1, 2008, less payments received under this Agreement, plus costs of collection, including reasonable attorney fees.

2

The trial court retained jurisdiction over the settlement agreement, expressly finding that "the terms of the parties' settlement are fair and reasonable."

{¶4} The defendants made the initial payments totaling $28,000 due under the settlement agreement and thereafter made monthly payments totaling $6,000. After no further payments were made, MJMT sought enforcement of the settlement agreement in a motion filed March 15, 2011. MJMT submitted an affidavit averring that it had suffered damages in the amount of $24,963.53. That figure represented the $45,000 in damages set forth in the settlement agreement plus interest from May 1, 2008, to the date of the motion for judgment, minus the $34,000 paid under the agreement. MJMT also submitted an affidavit stating that the total costs of collection, including attorney fees, were $25,788.08.

{¶5} In response to MJMT's motion to enforce the settlement, Geier argued that Haber was required to make the remainder of the monthly payments and that he had defaulted on the monthly payments without Geier's knowledge. Geier further argued that he had fully complied with his obligations under the settlement agreement, including his assistance in effectuating the transfer of a liquor license to MJMT. Geier contended that MJMT had deliberately failed to notify him of Haber's default so that it could collect the amount due under the default provision of the settlement agreement. Geier tendered $6,000 as the remainder of the balance due before the breach of the settlement agreement, but MJMT rejected the tender.

{¶6} The trial court overruled MJMT's motion to enforce the settlement agreement, stating that enforcement would be "unfair" because the agreement had been "satisfied in all respects within the required schedule, except for $6,000 that Defendant Geier thought was to be paid by Defendant Haber."

{¶7}     In a single assignment of error, MJMT argues that the trial court erred in overruling its motion to enforce the settlement agreement.

**Settlements are Favored Under the Law**

{¶8}     A trial court may not make a contract for the parties or force parties to settle a lawsuit. *Cembex Care Solutions, LLC v. Gockerman,* 1st Dist. No. C-050623, 2006-Ohio-3173, ¶ 7, citing *Litsinger Sign Co., Inc. v. The American Sign Co., Inc.*, 11 Ohio St.2d 1, 14, 227 N.E.2d 609 (1967). But when the parties enter into a settlement agreement in the presence of the trial court, the agreement is a binding contract. *Cembex* at ¶ 7, citing *Spercel v. Sterling Industries, Inc.*, 31 Ohio St.2d 36, 285 N.E.2d 324 (1972), paragraph one of the syllabus.

{¶9}     Settlement agreements are favored under the law. *State ex rel. Wright v. Wyendt,* 50 Ohio St.2d 194, 197, 363 N.E.2d 1387 (1977). And where a contract has an express provision governing disputes, such a provision is to be applied; a court is not to rewrite the provision to achieve a more equitable result. *See Dugan & Myers Constr. Co., Inc. v. Ohio Dept of Admin. Services,* 113 Ohio St.3d 226, 2007-Ohio-1687, 864 N.E.2d 68, ¶ 39. Because the dispute over the agreement in this case involves questions of law, we review the trial court's judgment de novo. *Cembex* at ¶ 8.

{¶10}     In the case at bar, the trial court erred in refusing to enforce the settlement agreement. The agreement was set forth in unambiguous terms, and it was made in connection with a commercial lease among sophisticated parties. Geier and BLP have not demonstrated any fraud or other defect in the formation of the contract, and they have not shown that they were mistaken about any of the agreement's terms. Moreover, when it accepted the agreement, the trial court itself deemed it to be "fair and reasonable."

**The Appellees' Defenses to Enforcement**

{¶11}    In arguing that enforcement of the agreement would be inequitable, Geier and BLP first argue that Haber had been the party in default and that any breach of the agreement had been solely attributable to his dereliction.  We find no merit in this argument.  In the recitation at the beginning of the settlement agreement, Geier, Haber and BLP are jointly referred to as "Defendants."  And in the remainder of the agreement, the obligations to satisfy its terms rested upon the "Defendants" and not upon any individual party.  Accordingly, the implication that Haber was the sole party in default is not supported by the unambiguous terms of the contract.

{¶12}    But Geier and BLP also make the related argument that MJMT had prevented compliance with the terms of the settlement by failing to give them notice that Haber had been delinquent in the payments.  We also find no merit in this argument.  As Geier and BLP concede, there was no provision in the contract requiring MJMT to give notice of default to any of the defendants, and we will not write such a provision into the agreement.  Similarly, the failure on the part of MJMT to immediately demand payment upon default did not operate as a waiver of timely payment, where the settlement agreement included no limitation on the time within which MJMT could seek enforcement.

{¶13}    Nonetheless, Geier and BLP also argue that the terms of the settlement agreement itself were unfair.  Central to the appellees' argument is the assertion that they had satisfied all but $6,000 due under the agreement and that the amount of damages demanded by MJMT was disproportionate to the balance remaining under the agreement.  Again, we are not persuaded. The agreement itself provided for a reduction in the amount of damages by the

amount paid under the contract, and MJMT's motion for enforcement of the agreement reflected such a reduction.

{¶14} Thus, we reject any suggestion that the parties had intended substantial compliance to be deemed an impediment to the enforcement of their contract. And as for the accrual of interest from March 1, 2008, such a sum was explicitly provided for in the agreement. Accordingly, we find no merit in the argument that the damages as calculated by MJMT represented an unconscionable attempt on the part of MJMT to gain a windfall at the expense of Geier and BLP.

**Attorney Fees**

{¶15} Finally, Geier and BLP argue that the attorney fees sought under the motion to enforce the judgment were unreasonable. Specifically, they contend that because the settlement agreement provided for fees only with respect to the collection of the amount due under the agreement, the $25,788.08 figure submitted by MJMT was clearly excessive. Therefore, Geier and BLP assert, the settlement agreement was unconscionable and unenforceable.

{¶16} We are not persuaded by this argument. The mere fact that MJMT demanded fees that were arguably excessive did not render the agreement unenforceable in its entirety. Because of the trial court's summary rejection of the settlement agreement, there was no hearing on the amount of fees reasonably related to the costs of collection. Thus, on the state of the record before us, we cannot say what amount would be allowable under the agreement. But in any event, a wholesale rejection of the agreement based upon a request for excessive fees would be improper.

**Conclusion**

**{¶17}** Accordingly, Geier and BLP have not demonstrated any unfairness in the enforcement of the settlement agreement, and we sustain the assignment of error. The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed and cause remanded.

**SUNDERMANN** and **HENDON, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.