[Cite as *Karapondo v. Weyer*, 2019-Ohio-1937.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

DANIEL KARAPONDO,

    PLAINTIFF-APPELLEE,                    CASE NO.  1-18-68

    v.

DARLENE D. WEYER,                        O P I N I O N

    DEFENDANT-APPELLANT.

---

Appeal from Allen County Common Pleas Court
Domestic Relations Division
Trial Court No.   DR 2017-0486

Judgment Affirmed

Date of Decision:   May 20, 2019

---

APPEARANCES:

    *Martin J. Holmes, Sr.*  for Appellant

    *Clay W. Balyeat* for Appellee

**SHAW, J.**

{¶1} Defendant-appellant, Darlene D. Weyer ("Wife"), appeals the November 19, 2018 Final Judgment Entry of Divorce issued by the Allen County Court of Common Pleas, Domestic Relations Division, granting the complaint for divorce filed by plaintiff-appellee, Daniel L. Karapondo ("Husband"). On appeal, Wife claims that the trial court erred in failing to incorporate a specific portion of the parties' oral settlement agreement regarding the division of personal property into the Final Judgment Entry of Divorce.

*Procedural History*

{¶2} On November 17, 2017, Husband filed a complaint for divorce. Wife timely filed an answer and counterclaim also seeking a divorce. The case proceeded to discovery.

{¶3} On October 11, 2018, the parties appeared before the trial court and advised that they had reached an oral settlement agreement regarding the division of marital and separate property. The agreement was presented on the record and approved by the trial court. Thereafter, in its October 12, 2018 Judgment Entry, the trial court ordered Wife's counsel to reduce the agreement to writing for signature and approval by the parties.

{¶4} The record indicates that there was disagreement between parties regarding personal items located at one of the homes. As a result, Husband refused

to approve the proposed Final Judgment Entry of Divorce prepared by Wife's counsel.

**{¶5}** On October 31, 2018, the trial court issued an order requiring "the parties to submit a Judgment Entry of Divorce reflecting the agreement placed on the record on * * * October 11, 2018." (Doc. No. 184).

**{¶6}** On November 19, 2018, the trial court issued its Final Judgment Entry of Divorce.

**{¶7}** Wife filed this appeal, asserting the following assignment of error.

**THE TRIAL COURT ERRED BY AWARDING PLAINTIFF/APPELLEE, CONTRARY TO THE PARTIES' ORAL SETTLEMENT AND WITHOUT AN EVIDENTIARY HEARING, THE BATY ROAD PERSONAL PROPERTY DEFENDANT/APPELLANT HAD PURCHASED SINCE THE PARTIES' SEPARATION.**

**{¶8}** In her sole assignment of error, Wife argues that the trial court erred when it issued a Final Judgment Entry of Divorce containing a property division not agreed upon by the parties in their oral settlement. Specifically, Wife argues that the trial court's Final Judgment Entry of Divorce failed to specify that she is entitled to retain the personal property she purchased after the separation located at the parties' Baty Road home, where Wife lived for a short period of time while the divorce proceedings were pending. Wife further maintains that the trial court erred when it did not grant her request for an evidentiary hearing on the matter prior to issuing its Final Judgment Entry of Divorce.

{¶9} For his part, Husband asserts that the terms of their settlement agreement regarding the personal property at the Baty Road home were unambiguous and sufficiently clear. Husband further claims on appeal that Wife simply "wants to retry the portion of the agreement about which she is now unsatisfied." (Appe. Brief at 5).

*Legal Standard*

{¶10} Generally, "[a] trial court has broad discretion in making divisions of property in domestic cases." *Middendorf v. Middendorf*, 82 Ohio St.3d 397, 401, 1998-Ohio-403, citing *Berish v. Berish*, 69 Ohio St.2d 318 (1982). Thus, "[a] trial court's decision will be upheld absent an abuse of discretion." *Id*., citing *Holcomb v. Holcomb* (1989), 44 Ohio St.3d 128; *Martin v. Martin*, 18 Ohio St.3d 292, 294-295(1985). Abuse of discretion implies that the court acted in an unreasonable, arbitrary, or unconscionable fashion. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, (1983).

{¶11} " 'The law favors the resolution of controversies and uncertainties through compromise and settlement rather than through litigation.' " *Spercel v. Sterling Industries, Inc*., 31 Ohio St.2d 36, 38 (1972), quoting 15 American Jurisprudence 2d 938, Compromise and Settlement, Section 4. A settlement agreement in a divorce action is a contract between the parties terminating a marriage. *See Schrock v. Schrock*, 12th Dist. Madison No. CA2005-04-015, 2006-

Ohio-748, ¶ 14. "It is well-established that where negotiations between the [divorcing] parties have resulted in an agreement as to property division, the terms of which are memorialized on the record, the court may properly incorporate the agreement into its journal entry and make it a part thereof." *Id.* at ¶ 13.

*Relevant Factual Background*

{¶12} The record reflects that after Husband filed his complaint for divorce, Wife moved out of the marital home on Beeler Road and temporarily relocated to the home the couple owned on Baty Road. The record suggests that Wife had purchased personal property after the separation to furnish the Baty Road home. At some point during the divorce proceedings, the parties switched residences—that is, Wife moved into the marital home on Beeler Road and Husband moved into the Baty Road home. This appears to be the status of the parties' residences at the time of the oral settlement agreement on October 11, 2018.

{¶13} As stated above, the parties placed their property settlement agreement on the record before the trial court. A transcript of those proceedings were provided to this Court on appeal. With regard to the personal property located at the marital residence, the Beeler Road home where Wife resided, the transcript states that the parties agreed that Wife "will receive all the tangible personal property at the Beeler Road property with the exception [Husband] will receive the nine items that were listed on a letter from [Husband's counsel] * * *." (Doc. No. 191 at 4). These items

included: books and documents from college; a Sauder desk and bookshelf; personal clothing and shoes; his mother's personal clothing and her furniture; a chainsaw; a roll top desk; his family videos when he was young and the accompanying projector; his softball glove; and a Bud light sign. (Id. at 4-5). Counsel then discussed the specific personal property items Wife would receive.

> **Wife's Counsel: Now [Husband] will keep the tangible personal property in his possession except what will be going to [Wife] and if you would read…if you could bring that over here so..**
>
> **Husband's Counsel: I will, uh…**
>
> **Wife's Counsel: Bring it over here so we can go through it together here.**
>
> **Husband's Counsel: Yea. Yea. We can go through it together. Okay. I'll…I'll read it since I have it in front of me. There are two lamps that are owned by Gina [Wife] gets; her dad, David's vacuum sweeper; the…uh, all Baty Road property [Wife] purchased pre-maritally and gifted property. Still…still some stuff over there.**

(Doc. No. 191 at 5-6).

{¶14} The parties continued to discuss the exchange of personal property. The only other notable discussion regarding the personal property at the Baty Road house was as follows: Wife was to "receive the new bed that she purchased for the Baty Road [sic]; mattress she's paying on; and she's going to exchange that for her king mattress that she has on her bed. Okay. There's a television that she bought for the Baty Road [sic], it's a 4-D television, that's going to be exchanged for

[Husband] receiving from the Beeler House the curved eight-two inch TV." (Doc. No. 191 at 11-12). After counsel presented the agreement on the record, both Husband and Wife affirmatively stated, in response to inquiry by the trial court, that they understood the terms of the agreement and "that the agreement now divides[s] and distribute[s] any and all assets and debts that you are aware of in this case[.]" (Doc. No. 191 at 25, 29).

{¶15} Approximately ten days later, Wife filed a motion to suspend her spousal support payments to Husband. Wife claimed that she had arranged with Husband to retrieve her personal property from the Baty Road home and that when she arrived to the house to load the items on a rented moving van Husband refused to release the items to her. Wife attached a list of several items located at the Baty Road home that she claimed she is entitled to receive. Notably, several items were not specifically itemized on the record at the hearing on the parties' oral settlement. Wife requested a hearing to resolve the matter.

{¶16} Husband filed a response to Wife's motion asserting that he did not release all the listed property to Wife because she was attempting to retrieve additional personal property items that were not included in the parties' oral agreement. Specifically, Husband stated in his response that "[t]hroughout the course of the negotiations, the items were appraised * * * and all addressed in terms

of allocating certain monetary assets in each parties [sic] column in an attempt to equalize distributions." (Doc. No. 180).

{¶17} Wife subsequently filed another motion requesting a hearing to resolve her pending motion and for the trial court to issue a Final Judgment Entry of Divorce based on Wife's claims that Husband refused to approve the proposed Judgment Entry of Divorce prepared by Wife's counsel. Specifically, Wife stated in this motion that "[t]he Final Judgment Entry of Divorce has been prepared and sent to [Husband's] counsel, who has orally expressed that he has taken exception to the same, which will require the Court to review the Judgment Entry and the transcript regarding the issue of personal property." (Doc. No. 182 at 2).

{¶18} The trial court issued its Final Judgment Entry of Divorce on November 19, 2018. The record indicates that no hearing was held prior to the issuance of the Final Judgment Entry of Divorce. With regard to the personal property located at the Baty Road home in Husband's possession at the time of the oral settlement agreement, the trial court's Final Judgment Entry of Divorce states the following:

> **It is further ORDERED, ADJUDGED AND DECREED that [Husband] shall retain free and clear of [Wife] the tangible personal property in his possession with the exception of the following items, which shall be the property of [Wife]:**
>
> **a. Two lamps that are owned by Gina;**
> **b. [Wife]'s Father's vacuum sweeper;**

  c. **All Baty Road property [Wife] purchased pre-maritally, and gifted property;**
  d. **The nativity set;**
  e. **One-half of the family ornaments;**
  f. **One-half of the Christmas ornaments;**
  g. **All of [Wife]'s pre-marital Christmas ornaments;**
  h. **One-half of the girls' Christmas ornaments;**
  i. **One Christmas train set;**
  j. **One-half of the Christmas houses for around the tree;**
  k. **One Christmas Deer;**
  l. **Garland and wooden signs;**
  m. **Disney VHS tapes and DVDs;**
  n. **One-half of the Christmas CDs;**
  o. **[Wife]'s country CDs;**
  p. **CBCO's will be copied by [Husband] so that [Husband] and [Wife] each get a full set of CBCOs ;**
  q. **License plate collection;**
  r. **[Wife]'s Mother's bar stools;**
  s. **[Wife]'s Father's safe (small one);**
  t. **Copper Kitchen Aid mixer;**
  u. **The Fat Tire neon bar sign;**
  v. **One-half of the games from the basement closet;**
  w. **The new bed that she purchased for Baty Road;**
  x. **The mattress that she is still paying on (in exchange for the king mattress which will go to [Husband]; and**
  y. **Television that she bought for Baty Road (4D television) this is to be exchanged with [Husband] receiving from the Beeler Road property the largest TV at the Baty Road property.**

(Doc. No. 186 at 14-16).

*Discussion*

**{¶19}** On appeal Wife contends that there are three categories of personal property located at the Baty Road home which she is entitled to receive based upon the oral settlement agreement: 1) the property purchased by Wife since the separation; 2) Wife's pre-marital property; and 3) Wife's gifted property. (Appt.

Brief at 3). Thus, Wife maintains that the trial court improperly "conflated" these categories, reducing the three categories of Baty Road personal property to two categories, 1) property purchased "premaritally;" and 2) gifted property.

{¶20} Wife further argues that even though the settlement terms read into the record appeared reasonably clear at the time, the parties were subsequently unable to agree upon the meaning and effect of those terms. Therefore, Wife asserts that it was error for the trial court not to hold an evidentiary hearing regarding the "obvious disagreement of the parties" concerning the distribution of the Baty Road personal property. (Appt. Brief at 8). In making this assertion, Wife relies upon the Supreme Court of Ohio's decision in *Rulli v. Fan Co.*, for the proposition that: "Where the meaning of terms of a settlement agreement is disputed, or where there is a dispute that contests the existence of a settlement agreement, a trial court must conduct an evidentiary hearing prior to entering judgment." 79 Ohio St.3d 374 (1997), syllabus.

{¶21} However, we note that unlike the case *sub judice*, the misunderstanding at issue in *Rulli* was substantive; the parties "disputed nearly every major element of the purported agreement." *Rulli* at 377. Accordingly, the Court in *Rulli* determined that the ultimate inquiry is whether the court finds an evidentiary hearing necessary to clarify the terms or effect of the agreement. *Id*; *see*, *also*, *Spicer v. Spicer*, 6th Dist. Erie No. E-14-101, 2015-Ohio-799, ¶ 14. In the instant case, the property division included in the trial court's Final Judgment

Entry of Divorce mirrored the terms and items identified and assented to by the parties on the record before the trial court. Thus, it now appears that Wife is attempting to expand upon the parties' agreement by adding additional items not identified on the record at the settlement hearing.

**{¶22}** The record further indicates that the parties had a substantial amount of personal property itemized in multiple binders, which were not made part of the record. The parties' negotiations regarding these items were also outside the record. Nevertheless, it is apparent that the parties were able to agree upon the division of a million dollars' worth of real property, sizable financial assets, the custody and support of their children and spousal support. In light of the parties' ability to settle upon the terms resolving the major issues at stake in their divorce, it is somewhat disingenuous that at issue on appeal is the seeming inconsequential division of unspecified personal property purchased by Wife at some point during the divorce proceedings to furnish her temporary residence, which may or may not have been purchased with marital funds.[1] *See Kohler v. Kohler*, 2d Dist. Miami No. 2009 CA 3, 2009-Ohio-3434, ¶ 22 (stating that "*Rulli* reinforces our view that objections to settlement agreements are sometimes appropriate and should be allowed, but it does not support Mr. Kohler's assertion that a hearing is required for even very minor disputes about the terms of a settlement agreement").

---

[1] The parties do not specify the personal property in dispute, when the property was purchased, or the amount and/or character of funds used to purchase the property. Nor is this information ascertainable from the record.

Case No. 1-18-68

{¶23} This notwithstanding, the trial court and this Court must rely upon the agreement entered into by the parties on the record, which demonstrates that the terms of the agreement were clear and voluntarily assented to by the parties in the presence of the trial court. Further, Wife does not claim undue influence, duress, fraud or coercion in their attempt to settle. To the contrary, she confirmed to the trial court her understanding of the agreement and its terms, and also expressly affirmed her intention to waive any hearings on the matter. Accordingly, we conclude that the trial court accurately incorporated the parties' oral settlement agreement regarding the Baty Road personal property into its Final Judgment Entry of Divorce as such agreement was placed upon the record, and the agreement did not lack clarity in its terms. Therefore, the trial court did not err in declining to conduct an evidentiary hearing as requested by Wife. Wife's assignment of error is overruled.

{¶24} Based on the foregoing, the assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment Affirmed*

**ZIMMERMAN, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**

-12-